IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **CEDRICK AND TAMARA FRAZIER** )<br>)<br>    Plaintiffs,            )<br>)<br>vs.                              )<br>)<br>**SOUTHEAST GEORGIA HEALTH** )<br>**SYSTEM, INC.;**              )<br>)<br>**SOUTHEAST GEORGIA HEALTH** )<br>**SYSTEM BRUNSWICK CAMPUS** )<br>**AUXILIARY, INC.;**           )<br>)<br>**SOUTHEAST GEORGIA PHYSICIAN** )<br>**ASSOCIATES-Ear, Nose & Throat;** )<br>)<br>**And**                          )<br>)<br>**SHERMAN A. STEVENSON, M.D.** )<br>)<br>    **Defendants.**            ) | Case No.  CV221-21 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Comes now, Plaintiffs Cedrick and Tamara Frazier, by and through counsel, for this Complaint for damages against the Defendants respectfully states the following:

**PARTIES**

1.

Plaintiffs Cedrick and Tamara Frazier are, and were, at all times mentioned herein: citizens of Jacksonville, Florida and of the age of majority; and injured by Defendants' conduct at 2415 Parkwood Drive, Brunswick, Georgia 31520 and 3025 Shrine Road, Suite 480, Brunswick, Georgia 31520.

2.

Defendant, Southeast Georgia Health System, Inc., a domestic nonprofit corporation established under the laws of the State of Georgia and formed in Georgia, is a not-for-profit health care system with multiple locations and services with a principal office address at 2415 Parkwood Drive, Brunswick, Georgia 31520.

3.

Defendant Southeast Georgia Health System Brunswick Campus Auxiliary, Inc., a domestic nonprofit corporation established under the laws of the State of Georgia and formed in Georgia, is the Brunswick location/site for the health system with a principal office address at 2415 Parkwood Drive, Brunswick, Georgia 31520.

4.

Defendant Southeast Georgia Physician Associates-Ear, Nose & Throat ("ENT"), a strategic affiliate of Southeast Georgia Health System, offers a wide range of ENT services with an office address at 3025 Shrine Road, Suite 480, Brunswick, Georgia 31520.

5.

Defendant Sherman A. Stevenson, M.D. (hereinafter referred to as "Dr. Stevenson") affiliates with Southeast Georgia Health System—Brunswick Campus.

6.

At all times relevant hereto, Defendants, directly and/or through its actual or apparent agents and employees (registered nurses, nurse technicians and staff), conducted business in the State of Georgia and in Glynn County.

7.

At all times relevant hereto, Dr. Stevenson and nurses and other hospital staff were employees and/or agents working within the scope of employment and/or agency of the Defendant entities.

8.

The Defendants owed a duty of care to the Plaintiffs at all times relevant to this action and violated that duty in the manner alleged below.

9.

Upon information and belief, Defendant Southeast Georgia Health System, Inc. may be served through a registered agent, Christy D. Jordan, Esq., for service of process at 2415 Parkwood Drive, Brunswick, Georgia 31520.

10.

Upon information and belief, the Defendant Southeast Georgia Health System Brunswick Campus Auxiliary, Inc. may be served through a registered agent, Kristin Doll, for service of process at 2415 Parkwood Drive, Brunswick, Georgia 31520.

11.

Upon information and belief, Defendant Southeast Georgia Physician Associates-Ear, Nose & Throat may be served at the office/provider address, 3025 Shrine Road, Suite 480, Brunswick, Georgia 31520.

12.

Upon information and belief, Dr. Stevenson may also be served at his office address and practice location, 3025 Shrine Road, Suite 480, Brunswick, Georgia 31520.

## JURISDICTION AND VENUE

13.

Jurisdiction is granted pursuant to 28 USC §1332 because complete diversity exists between the parties and the amount in controversy exceeds the sum or value of Seventy-five thousand dollars ($75,000.00).

14.

Venue is proper in this Honorable Court because the events or omissions giving rise to the claims occurred in the Southern District of Georgia, as further described herein.

## FACTS

15.

Plaintiffs' claims for damages arise from operative and post-operative negligence and medical malpractice by Defendants that undertook the care and treatment of Mr. Frazier.

16.

Defendants failed to render the care required by the applicable standard of care in the treatment of Mr. Frazier, to include a failure to resolve and reconcile the sponge count during the 1/21/2020 surgery and leave dressing and/or packing in his nasal cavity for about 35 days.

17.

Due to the breach of the standard of care by the Defendants as set forth in forthcoming medical affidavit, Mr. Frazier suffers from subsequent diagnoses and

ongoing pain/damages due to the surgery and retained foreign objects/dressing and packing left in his nasal cavity for about 35 days after the surgery.

18.

To date, Mr. Frazier now suffers with chronic pain syndrome within the setting of trigeminal neuralgia, front teeth numbness, cluster headaches, crisis facial/headache pain episodes, etc.

19.

On January 21, 2020, Mr. Frazier underwent a septoplasty, submucosal resection of inferior turbinates and outfracturing of turbinates.

20.

The retained foreign objects served no therapeutic or diagnostic purpose within Mr. Frazier's body once the surgery was concluded.

21.

Defendants failed to account for and document an intention to leave dressing and/or packing in his nasal cavity in the treating records after the surgery.

22.

Mr. Frazier followed up with Defendant Dr. Stevenson on January 28, 2020 in Brunswick, Georgia.  At this time, bilateral septal splints were removed.

23.

Defendants failed to account for and document an intention to leave dressing and/or packing in his nasal cavity in the treating records as of January 28, 2020.

24.

On February 5, 2020, Defendant Dr. Stevenson completed and signed Family Medical Leave Act ("FMLA") paperwork giving an approximate duration of Mr. Frazier's condition through 2/4/2020.

25.

Defendant Dr. Stevenson updated Mr. Frazier's FMLA paperwork and signed same on February 20, 2020 where he indicated that Mr. Frazier was experiencing high blood pressure, vertigo and nose bleeds that would impair performance of his primary job descriptions through 2/21/2020.

26.

The retained foreign objects were first discovered by Mr. Frazier immediately after it was removed by Defendants during a visit that was initiated by Mr. Frazier and scheduled on February 25, 2020 at 3025 Shrine Road, Suite 480, Brunswick, Georgia 31520.

27.

Defendants failed to document, account for and discuss the removal of dressing and packing from his nasal cavity in the medical record on February 25, 2020.

28.

Defendants told Mr. Frazier that his healing was atypical after 1/21/2020.

29.

Defendants observed Mr. Frazier as being unable to put his thoughts together post-surgery (or after 1/21/2020).

30.

Defendants told Mr. Frazier how it appears like he always required assistance and most people his age did not function this way.

31.

The Joint Commission has designated unintended retention of foreign objects to its sentinel event alert.

32.

The Centers for Medicaid & Medicare Services has listed the unintended retention of foreign objects as a "never event," indicating such an event is clearly identifiable, preventable, and serious in their consequences for patients, and that indicate a real problem in safety and credibility of a health care facility.

33.

Defendants owed a duty to Plaintiffs to prevent the occurrence of "sentinel" and "never" events, a duty to document, a duty to account for and a duty to discuss the removal of dressing and packing from his nasal cavity on February 25, 2020.

## COUNT I – PROFESSIONAL NEGLIGENCE

34.

Plaintiffs incorporate by reference all previous paragraphs as if fully set forth herein.

35.

The negligence of the Defendants include but is not limited to the following:

a. the failure to account properly for dressing and packing used during Plaintiff's surgery, specifically including gauze and sponges;

b. failure to follow standard policies and communication between operating team members and others in the operating room on January 21, 2020;

c. the decision to conclude Mr. Frazier's surgery without locating unaccounted for dressing and packing;

d. the failure to document in Mr. Frazier's medical records an intent to leave in any dressing and packing in his nasal cavity on 1/21/2020 and 1/28/2020;

e. the failure to provide complete medical documentation showing the removal of dressing and packing from Mr. Frazier's nasal cavity on 2/25/2020 pursuant to Georgia Patient Record Laws, O.C.G.A. §31-33-2;

f. the failure to discuss the use of nasal sponges, gauze and/or packing on 2/25/2020; and

g. the failure to provide appropriate postoperative care following the removal of the sponges, gauze and/or packing on February 25, 2020.

36.

The negligence of the Defendants directly and proximately caused injury to Plaintiffs in the form of physical injury, pain and suffering, mental and emotional anguish, inconvenience and loss of consortium for Plaintiff Tamara Frazier, his spouse.

37.

As a further direct and proximate result of the negligence of the Defendants, Plaintiffs required otherwise unnecessary medical and other related care and treatment.

38.

Defendants had knowledge of Mr. Frazier's abnormal course, to include the fact that Mr. Frazier was bleeding heavily following the surgery, but Defendants still failed to provide appropriate postoperative treatment.

39.

Defendants failed to disclose certain information to Mr. Frazier pursuant to the Georgia Medical Consent Law.

40.

Mr. Frazier suffered from and continues to suffer from daily persistent headaches, facial pain and sensitivity and centralization sensitivity syndrome, which were proximately caused by the surgery performed by Defendants.

41.

That these symptoms and conditions suffered by Mr. Frazier and caused by the surgical procedure were not disclosed as required by O.C.G.A. §31-9-6.1, et al.

42.

That a reasonably prudent patient would have refused the septoplasty and turbinate reduction or would have chosen a practical alternative to such proposed surgical procedure if such information had been disclosed in context of treatment based on initial complaint of left-sided throat pain.

43.

Defendants did not disclose to Mr. Frazier all of the factors required under the Georgia Medical Consent Law.

44.

Mr. Frazier did not understand the extent of the nature and purpose of the 1/21/2020 procedure, to include the fact that it would involve sponges and packing to be placed in his nasal cavity.

45.

Defendant Dr. Stevenson failed to explain to Mr. Frazier prior to the surgery what would take place during and after the procedure.

46.

Defendants did not inform Mr. Frazier about the material risks, such as loss of blood from nosebleeds, infection, facial paralysis or partial paralysis and sensitivity, tooth numbness, daily persistent headaches and related chronic pain.

47.

Defendants failed to inform Mr. Frazier about the likelihood of success of the surgical procedure on 1/21/2020.

48.

Defendants failed to inform Mr. Frazier about the practical alternatives to the septoplasty and turbinate reduction, which are generally recognized and accepted by reasonably prudent physicians, and in fact, Mr. Frazier believed that he had no alternative at all.

49.

Defendants failed to inform Mr. Frazier about the prognosis of his condition if the procedure on 1/21/2020 was rejected.

50.

Mr. Frazier would have opted for a different course if Defendants had given him the information required by the Georgia Medical Consent Law.

## COUNT II - NEGLIGENCE PER SE

51.

Plaintiffs incorporate by reference all previous paragraphs as if fully set forth herein.

52.

The Defendants violated O.C.G.A. §9-3-72 – Foreign objects left in body, by leaving sponges, gauze and other packing material in Mr. Frazier's nasal cavity following a septoplasty and turbinate reduction procedure on January 21, 2020.

53.

Plaintiffs were damaged by this act of the Defendants with resulting nose bleeds, daily and persistent headaches, cognitive decline, mental anguish, confusion, pain and suffering, crisis episodes and loss of consortium.

54.

That the Plaintiffs were within the class of individuals the legislature intended to benefit and protect by enacting the statute, ordinance or state regulation pursuant to O.C.G.A. §9-3-72 et seq.

55.

That the Defendants' negligence was the proximate cause of the Plaintiffs' injuries from the septoplasty and turbinate reduction on January 21, 2020, and subsequent postoperative follow up and treatment.

56.

Defendants failed to ensure Mr. Frazier's safety during his surgery on 1/21/2020, and postoperatively.

## COUNT III – RESPONDEAT SUPERIOR LIABILITY

57.

Plaintiffs incorporate by reference all previous paragraphs as if fully set forth herein.

58.

At the time of Defendants' employees and agents negligence and malpractice, the Defendants, including Dr. Stevenson and nurses at Southeast Georgia Health System, Inc., Southeast Georgia Health System Brunswick Campus Auxiliary, Inc., and/or Southeast Georgia Physician Associates-Ear, Nose & Throat, were acting within the scope of his/her/their employment on 1/21/2020, and at follow up visits on 1/28/2020, 2/25/2020 and 5/27/2020.

59.

Therefore, the defendants are responsible for the negligent acts and omissions of individual doctors and nurses, where applicable.

## COUNT IV – LOSS OF CONSORTIUM

60.

Plaintiffs incorporate by reference all previous paragraphs as if fully set forth herein.

61.

At all times relevant to this action, Plaintiff Tamara Frazier has been the lawful spouse of Cedrick Frazier.

62.

As a direct and proximate result of the negligence of the Defendants, Plaintiff Cedrick Frazier suffered severe and potentially permanent bodily injuries, including physical and mental injury, substantial and continuing pain, suffering, and discomfort, and lost wages and medical expenses, both past and future.  As a result of these injuries, Mr. Frazier's spouse, Plaintiff Tamara Frazier, has experienced and will continue to experience a loss of services previously provided by Mr. Frazier, to include household labor, affection, and all matters of value arising from marriage.

## PRAYERS FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS DEMAND THE FOLLOWING:**

A. That process issue, that it be served on the Defendants and that the Defendants be required to appear and answer this Complaint within the time required by law;

B. Enter judgment in favor of the Plaintiffs and against Defendants in such fair and reasonable amount for special and general damages to be determined by a jury at trial for the following:  permanent injuries, pain and suffering, physical and mental, past, present and future; mental anguish, inconvenience, emotional distress, and loss of recreational activity; loss of past, present and future wages; loss of earning capacity and a diminished earning capacity to labor and earn money, to include other wages earned as a professional musician; being forced from employment and career as a law enforcement officer due to the surgery and subsequent diagnoses of chronic pain syndrome, complex regional pain syndrome and chronic headache disorder; plus general costs, court costs,

attorney's fees, pre-judgment and post-judgment interest; and such other damages as are recoverable under Georgia law.

C.  That Plaintiff Tamara Frazier be awarded general damages for loss of consortium against Defendants in an amount to be determined by a jury at trial.

D.  That all costs be assessed against the Defendants, for which execution may issue;

E.  That Plaintiffs be permitted to amend this pleading to conform to the facts as they may develop or to include additional defendants; and,

F.  Plaintiffs demand a jury trial for all causes of action that are triable by a jury.

Respectfully submitted,

By: /s/ M. James Thomas
M. JAMES THOMAS  Bar #022309
1050 Glenbrook Way, Suite 480, #195
Hendersonville, TN 37075
mj@marcusjamesthomas.com
Telephone:   (888) 474-7450
Fax:              (877) 361-0848

Attorney for Plaintiffs