IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| CEDRICK FRAZIER; and TAMARA FRAZIER,<br><br>    Plaintiff,<br><br>    v.<br><br>SOUTHEAST GEORGIA HEALTH SYSTEM, INC.; SHERMAN A. STEVENSON; and COOPERATIVE HEALTH SERVICES, INC.,<br><br>    Defendants. | CIVIL ACTION NO.: 2:21-cv-21 |

## O R D E R

This matter is before the Court on Defendant Southeast Georgia Health System's Motion to Compel. Doc. 53. Plaintiff filed a Response, opposing Defendant's Motion. Doc. 54. For the following reasons, I **GRANT in part** and **DENY in part** Defendant's Motion.

Defendant's Motion is **GRANTED** for the limited purpose of recovering the original video purportedly recorded on February 25, 2020, and the metadata related to that video and other videos or photographs previously produced by Plaintiffs, including the 8-second video and screenshot produced in discovery. Plaintiffs are **ORDERED** to comply with this Order by providing Mr. Rosado with his cellphone **within 14 days of this Order**. However, the Court **DENIES** Defendant's request that Mr. Rosado be permitted to produce any and all text messages on Mr. Frazier's phone. Defendant's request under Rule 37 for fees and costs associated with its Motion to Compel is also **DENIED**.

In light of these rulings, Mr. Rosado is permitted to create a forensic image of Plaintiff C. Frazier's cell phone.  The Court understands that image may include text messages, as well as other data.  At this time, Mr. Rosado is only permitted to share data and information related to the video purportedly recorded on February 25, 2020, and the metadata related to that video, which includes both the 8-second video and the original 13-second video (if it is recovered) and all metadata related to those videos.  However, Mr. Rosado is not permitted to share data related to text messages or any other items on Plaintiff C. Frazier's cell phone with Defendant, Defendant's counsel, or anyone else—with the one exception that Mr. Rosado may share all data with employees of Mulholland Forensics, LLC (Mr. Rosado's employer) as necessary for performing the forensic investigation.

Finally, Mr. Rosado and Mulholland Forensics, LLC, may retain the forensic image of Mr. Frazier's cell phone and related data for the duration of this litigation.  Defendant's counsel is **ORDERED** to notify Mr. Rosado and Mulholland Forensics, LLC, when this litigation concludes and, at that time, Mr. Rosado and Mulholland Forensics, LLC, shall destroy all data related to the forensic image of Mr. Frazier's cell phone.

**I.     Factual Background**

Plaintiffs have brought a claim against Defendants alleging Sherman Stevenson, who is employed by Defendant Southeast Georgia Health Systems, left packing material in Plaintiff C. Frazier's nose during a nasal surgery.  Defendant's Motion to Compel concerns a video Plaintiff C. Frazier produced in discovery.  Plaintiff C. Frazier produced a video purporting to be from a doctor's appointment with Defendant Stevenson occurring on February 25, 2020.  Doc. 52; Doc. 53 at 5.  Defendant represents the video appears to be edited and does not contain metadata, including data related to when and where the video was recorded.  Doc. 53 at 1.  In an effort to

resolve the dispute, Plaintiffs hired their own forensic expert, who produced a report to Defendant.  Doc. 53 at 2–3; Doc. 54 at 2–3.  However, the report produced by Plaintiffs still did not contain the original video or the metadata showing where and when the video was recorded.  Defendant now requests a forensic imaging examination of Plaintiff C. Frazier's cellphone by their own forensic expert, Vicente M. Rosado.  Doc. 53.  Defendant also requests Plaintiff pay the reasonable expenses incurred in filing this Motion, including attorneys' fees, as provided by Federal Rule of Civil Procedure 37.  Id. at 6.

II.     **Defendant is Permitted Forensic Imaging of the Cellphone to Recover Videos and Metadata**

   A.     **Legal Standard**

The Federal Rules of Civil Procedure "strongly favor full discovery whenever possible." Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985).  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."  Fed. R. Civ. P. 26(b)(1).  Discovery into electronically stored information, including forensic examinations, is subject to the scope of discovery under Rule 26(b).  Fed. R. Civ. P. 34(a); U&I Corp. v. Advanced Med. Design, Inc., 251 F.R.D. 667, 674 (M.D. Fla. Mar. 26, 2008).

"When determining whether a forensic examination is warranted, the Court considers both the privacy interests of the parties whose devices are to be examined and, also, whether the parties withheld requested discovery, will not search for requested discovery, and the extent to which the parties complied with past discovery requests."  Classic Soft Trim, Inc. v. Albert, Case No. 6:18-cv-1237, 2020 WL 6731027, at *2 (M.D. Fla. Sept. 2, 2020) (citations omitted).  "Mere speculation that electronic discovery must exist is insufficient to permit forensic examination of a party's personal computer or cellphone."  Id.  Motions to compel are committed to the sound

discretion of the trial court.  Comm. Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).

### B.     Imaging to Recover Original Video and Related Metadata

Defendant asks the Court to compel Plaintiff C. Frazier to produce his cellphone to allow forensic imaging in an effort to recover the original video and metadata showing where and when the video was taken.  Doc. 53.  Defendant states it initially asked Plaintiff to produce any videos taken in connection with the lawsuit.  Id. at 9.

In response, Plaintiff produced an 8-second video, which appears to be edited, and a screenshot showing a 13-second video existed at some point.  Id. at 11.  The edited video does not contain relevant metadata showing where and when the video was taken.  Id.  Although Plaintiffs hired their own forensic expert, Jim Stafford, the report produced by Stafford still does not contain the original video or metadata showing where or when the video was taken.  Id. Defendant represents to the Court it will use the services of Vicente Rosado, a forensic expert, for the forensic imaging and analysis to determine the date and location the videos and screenshot were taken and to recover the original video.  Id. at 8, 12.

Plaintiffs oppose Defendant's request for forensic imaging to recover the original video and relevant metadata.[1]  Doc. 54.  Plaintiffs assert the forensic report provided by Stafford is sufficient and Defendant has not established its forensic expert will be able to recover the original video or produce relevant metadata.  Id. at 2.  Further, Plaintiffs argue Defendant should depose Plaintiff C. Frazier prior to any forensic investigation before drawing conclusions about why he does not have the original video file.  Id. at 6.

---

[1]     Plaintiffs dedicate a portion of their Response discussing other evidence from relevant medical records; however, these records do not provide Defendant with the discovery it seeks.  Doc. 54 at 3–5.

Although Plaintiffs have made good efforts at attempting to produce responsive materials—including hiring their own forensic expert—they still have not produced the discovery Defendant seeks. Importantly, it is undisputed Plaintiff C. Frazier took a 13-second video at some point and no such video has been produced at this time. Further, it is undisputed the video is relevant to Plaintiffs' claims, primarily the factual dispute of whether surgical packing was left in Plaintiff C. Frazier's nose. Doc. 53 at 7. Plainly, the information Defendant seeks is relevant to the claims and defenses in this matter. See Ramos v. Hopele of Fort Lauderdale, LLC, Case No. 14-62100-CIV, 2018 WL 1383188, at *2 (S.D. Fla. Mar. 19, 2018) (explaining the proper inquiry is whether a forensic examination would reveal information relevant to claims and defenses and whether such an examination is proportional to the needs of the case).

Moreover, a forensic examination seeking to recover the original video and relevant metadata is proportional to the needs of this case, even when considering Plaintiffs' legitimate privacy concerns. U&I Corp., 251 F.R.D. at 672. As explained above, the information Defendant seeks to recover is relevant to the case. This portion of Defendant's Motion to Compel is relatively narrow, seeking only a video which Plaintiffs admit existed at some point and metadata related to that video and other videos and images Plaintiffs already produced. Fed. R. Civ. P. 26, 34. Such a request is also in accordance with the Federal Rules of Civil Procedure preference for "full discovery whenever possible." Farnsworth, 758 F. 2d at 1547.

While Plaintiffs argue it is "mere speculation" whether the video and metadata can be recovered, especially considering its own forensic expert was unable to recover the information, this argument is unpersuasive. Doc. 54 at 7. The information Defendant seeks existed at some point, as evidenced by Plaintiffs' admission and a screenshot of the video. Defendant's expert

should have an opportunity to obtain the data as well.  Similarly, the Court sees no reason, given these circumstances, why Defendants first must depose Plaintiff C. Frazier before a forensic examination.

Accordingly, this portion of Defendant's Motion to Compel is **GRANTED**.  Mr. Rosado is permitted to conduct a forensic examination of Plaintiff's cellphone for the purpose of recovering the original 13-second video and related metadata, as well as metadata connected to the 8-second video and screenshot already produced in discovery.  Plaintiff C. Frazier is ordered to provide his cell phone to Mr. Rosado within 14 days of this Order.  Mr. Rosado may share all information related to the two videos, including all related metadata, with Defendant and Defendant's counsel.

### C. Text Messages

Defendant also explains text messages between Plaintiff C. Frazier and his son regarding the medical procedures at issue were not produced during discovery.  Doc. 53 at 8.  To that end, Defendant requests Mr. Rosado be permitted to produce "any and all texts discovery on Mr. Frazier's phone."  Doc. 53 at 9.  Plaintiffs oppose this request.[2]  Doc. 54 at 6–7.

Federal Rule of Civil Procedure 37 requires a motion to compel "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Furthermore, this Court's Local Rule 26.5 also requires "a party seeking a protective order or moving to compel discovery certify that a good faith effort has been made to resolve the dispute before coming to the court."  Defendant's Motion is devoid of any indication it conferred in good

---

[2]  Plaintiffs raise issues about Defendant's discovery failures related to Plaintiff C. Frazier's medical records and purported Health Insurance Portability and Accountability Act ("HIPAA") violations.  Doc. 54 at 6, 8–10.  Any discovery dispute related to Plaintiff C. Frazier's medical records or a claim related to purported HIPAA violations are not properly before the Court at this time.

6

faith with Plaintiffs and does not include the necessary certification. Similarly, this issue has not been previously brought to the Court's attention; thus, Defendant has not taken the steps outlined in the Court's Rule 26(f) Order, including scheduling a telephonic conference with the Court. See Doc. 2 at 5–6. Accordingly, the Court **DENIES** this portion of Defendant's Motion.

### III. Sanctions Are Not Appropriate

Defendant requests an award of costs and attorneys' fees incurred with its Motion to Compel. Doc. 53 at 6. Federal Rule of Civil Procedure 37 authorizes the award of expenses and attorney's fees to a party that successfully brings a motion to compel. Specifically, the Rule states:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

Here, an award of expenses and attorney's fees is not appropriate. Plaintiffs' non-disclosure and objection to a forensic examination were substantially justified, and the circumstances of Plaintiffs' failure to produce the original video and metadata make an award of expenses unjust. While Plaintiffs have not provided the original video and metadata, Plaintiffs have provided a good explanation for their inability to do so. Plaintiffs, in an effort to produce the original video and metadata, hired their own forensic expert, who was unable to recover the discovery Defendant seeks. Thus, Plaintiffs have not acted evasively or in bad faith throughout discovery. Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. § 2281 (3d ed. 2010)

(explaining the reason for the failure to answer discovery "is relevant in determining what sanction, if any, to impose").  Moreover, it is unclear whether the information Defendant seeks even exists anymore.  The Court cannot punish Plaintiffs for failing to produce information that may no longer exist.  Finally, given the ubiquitous nature of cellphones and the broad nature of Defendant's request, including a request to obtain all text messages, Plaintiffs' opposition to Defendant's motion was substantially justified.  Maddow v. Procter & Gamble Co., Inc., 107 F.3d 846, 853 (11th Cir. 1997) ("Substantially justified means that reasonable people could differ as to the appropriateness of the contested action.").  Accordingly, the Court **DENIES** the portion of Defendant's Motion seeking sanctions under Rule 37.

**SO ORDERED**, this 22nd day of September, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA