**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| CEDRICK AND TAMARA FRAZIER,<br><br>        Plaintiffs,<br>v.<br><br>SOUTHEAST GEORGIA HEALTH SYSTEM, INC.; COOPERATIVE HEALTHCARE SERVICES, INC. d/b/a SOUTHEAST GEORGIA PHYSICIAN ASSOCIATES – Ear, Nose & Throat; and SHERMAN A. STEVENSON, M.D.<br><br>        Defendants. | CIVIL ACTION FILE NUMBER:<br><br>2:21-cv-00021-LGW-BWC |

**EMERGENCY MOTION TO EXPEDITE RELIEF FROM SCHEDULING ORDER'S EXPERT REPORT/AFFIDAVIT DEADLINE ON 5/3/2022 PURSUANT TO *LOCAL RULE 7.7* AND REQUEST FOR REASONABLE TIME TO DISCLOSE FINAL EXPERT REPORTS AFTER A RULING ON SUBJECT MATTER JURISDICTION**

Comes now, Plaintiffs Cedrick and Tamara Frazier, by and through counsel, and files the following emergency motion pursuant to Local Rule 7.7 seeking relief from scheduling order's expert and final report/affidavit deadline on May 3, 2022.

Plaintiffs filed a Motion for Amended Scheduling Order (Doc. 102) on April 19, 2022 due to delay by the defendants. Plaintiffs requested depositions of three fact witnesses and each is represented by opposing counsel. Information to be received at these depositions will directly affect Plaintiffs' final expert reports on liability and damages. One of the three depositions was completed on yesterday, April 26, 2022, and Plaintiffs requested a copy of the Nancy Lorenz, Corporate Compliance/Privacy officer transcript. Plaintiffs attempted to take Ms. Lorenz' (nonparty) deposition in February 2022, but delay by Ms. Lorenz left the Plaintiffs with no option but to unilaterally schedule her deposition. Also, take into consideration that the defendants objected to each inquiry posed in the deposition by written questions. (Doc. 99). Plaintiffs will need time to review the Lorenz transcript once it is received and the applicability, if any, of the blanket objections filed by the defendants.

1

Emergency Motion to Expedite Relief from Scheduling Order's Expert Report/Affidavit Deadline

Plaintiffs need more time to depose two other fact witnesses, obtain transcripts, and review same as they relate to allegations of fraud before finalizing expert reports and affidavits. The audit trail shows modifications and additions to his record on a date the Mr. Frazier was not seen.



According to the audit trail, Joni Brooker, CHSI/ENT Office Manager, accessed Mr. Frazier's medical record along with Dr. Stevenson on 4/10/2020, which was when this record was backdated to 2/6/2020. Mr. Frazier was not seen in the office by Dr. Stevenson on 2/6/2020 nor 4/10/2020.



As for Amy Williamson and Joni Brooker (CHSI/ENT employees), Plaintiffs have not heard back from opposing counsel on possible dates that they can defend these two depositions. On April 8, 2022, attorney for Plaintiffs emailed opposing counsel and offered four possible dates during the third and fourth weeks of this month—Tuesday, April 19; Friday, April 22; Monday, April 25 and Friday, April 29th. However, opposing counsel notified Plaintiffs during a telephone call that they were

simply busy for the rest of this month.  As of today, opposing counsel has not offered Plaintiffs any other possible dates for the taking of these depositions of critical fact witnesses.

Plaintiffs are attempting to locate Elizabeth Bautista Sanchez, who upon information and belief is no longer employed by the defendants.  Ms. Sanchez, a clinician, called Mr. Frazier on the fabricated 2/6/2020 date of service and instructed him to pick up his FMLA paperwork, and is noted on the audit trail as accessing Mr. Frazier's medical record on 4/10/2020 along with Joni Brooker and Dr. Stevenson.

Plaintiffs recently filed a notice of intent to reply to defendants' response on the medical record/audit trail issue (Docs. 101, 103 and 106), which could have an impact on Plaintiffs' expert reports.  Plaintiffs are anticipating written responses to discovery from the defendants on May 23, 2022.  Therefore, Plaintiffs humbly request relief from the current scheduling order's expert disclosure deadline on Tuesday, May 3, 2022.  In addition, Plaintiffs request a reasonable amount of time to submit final expert reports/affidavits following this Court's ruling on subject matter jurisdiction.  Plaintiffs feel that it would be unfair if they must comply with the current scheduling order in light of pending rulings, unresolved discovery matters related to fraud and delay caused by the defendants and Ms. Lorenz.

                Respectfully submitted,

                /s/ M. James Thomas
                By: M. James Thomas, GA Bar No. 556162
                1050 Glenbrook Way, Suite 480, #195
                Hendersonville, TN 37075
                (888) 474-7450
                mj@marcusjamesthomas.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing **EMERGENCY MOTION TO EXPEDITE RELIEF FROM SCHEDULING ORDER AND REQUEST FOR REASONABLE TIME TO DISCLOSE EXPERTS AFTER A RULING ON SUBJECT MATTER JURISDICTION** this day has been served upon all parties or counsel for all parties at interest in this case by delivering a copy of said document(s) via electronic mail to the email address provided by counsel pursuant to LR 5.1 and 7.7 on the 27th day of April 2022.

Steven P. Bristol
N. Daniel Lovein
Hall Booth Smith, P.C.
3528 Darien Highway, Suite 300
Brunswick, GA 31525
(912) 554-0093 ph
(912) 554-1973 fax
Email:  dlovein@hallboothsmith.com
            sbristol@hallboothsmith.com
*Attorneys for Defendant*


/s/ M. James Thomas, Esq.