IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| CEDRICK AND TAMARA FRAZIER,<br><br>    Plaintiffs,<br>v.<br><br>SOUTHEAST GEORGIA HEALTH SYSTEM, INC.; COOPERATIVE HEALTHCARE SERVICES, INC. d/b/a SOUTHEAST GEORGIA PHYSICIAN ASSOCIATES – Ear, Nose & Throat; and SHERMAN A. STEVENSON, M.D.<br><br>    Defendants. | CIVIL ACTION FILE NUMBER:<br><br>2:21-cv-00021-LGW-BWC |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' SGHS, INC. ET AL. MOTION FOR RECONSIDERATION BY THE DISTRICT COURT JUDGE (REGARDING DISCOVERY/AUDIT TRAIL ORDER) AND MEMORANDUM OF LAW**

Plaintiffs file this response to a motion for reconsideration by the defendants. Plaintiffs file their response and opposition thereto.

### BACKGROUND AND FACTS

The Fraziers were Ordered by this Honorable Court to turn over their cell phone (Doc. 58) on September 22, 2021.  The parties held a telephone conference with the U.S. Magistrate (Doc. 100) on April 8, 2022.  The Fraziers filed their motion to compel deleted accesses and views of Mr. Frazier's Medical Record/Audit Trail (Doc. 101) on April 15, 2022—almost three months ago.  The defendants filed a response with exhibits (Doc. 103) on April 22, 2022.  The Court ordered the Fraziers to produce to defendants over 5 years of tax returns (Doc. 104) on April 25, 2022.  An Order for the unredacted audit trail (Doc. 122) was issued on June 14, 2022.  The defendants filed

objections to the 6/14/2022 Order and motion for reconsideration (Doc. 126) on June 21, 2022.

## STANDARD OF REVIEW AND ARGUMENT

Federal case law in the Southern District of Georgia states, "A district court reviewing a magistrate judge's discovery [*3] order is, in general, limited by statute and rule to reversing that order only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b) (1) (A); Fed. R. Civ. P. 72(a). This is a very high standard.  As the Eleventh Circuit recently put it, "[t]o be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week old, unrefrigerated dead fish." Cox Enters., Inc. v. News-Journal Corp., 794 F.3d 1259, 1272 n.92 (11th Cir. 2015) (citation omitted). Rangel v. Anderson, No. CV 215-81, 2016 U.S. Dist. LEXIS 152792, at *2-3 (S.D. Ga. Nov. 3, 2016). (Exhibit 1 – Order in Rangel).

The clearly erroneous or contrary to law standard "is exceedingly deferential." Jackson v. Deen, CV 412-139, 2013 U.S. Dist. LEXIS 109050, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013) (citing Pigott v. Sanibel Dev., LLC, CV 07-0083-WS-C, 2008 U.S. Dist. LEXIS 55806, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008)). "A ruling is clearly erroneous where either the magistrate judge abused his discretion or the district court, after reviewing the entirety of the record, is left with a definite and firm conviction that a mistake has been made." Id. (citations omitted). "A decision by the magistrate judge is contrary to law where it either fails to follow or misapplies the applicable law." Id. (citations omitted).

2

Pate v. Winn-Dixie Stores, Inc., No. CV 213-166, 2014 U.S. Dist. LEXIS 151914, at *2 (S.D. Ga. Oct. 27, 2014). (Exhibit 2 – Order in Pate).

The defendants have continued to attack Mr. Frazier's character based on allegations and without specific citation to underlying facts to support the allegations. This is unfair. The defendants identified no facts with specific citation to the record of potentially fraudulent representations regarding Mr. Frazier's citizenship, except for referring only to their pleadings/Answers. (See Doc. 126, p. 9). The defendants appear to argue fabrication is NOT a type of fraud, and that the Plaintiffs' failed to allege that fraudulent changes to medical records were made; however, this is exactly what the allegations in the Complaint (Doc. 77) entail. It would have been helpful for the defendants to quote the entire paragraphs from the Complaint, which they allege are at issue instead of paraphrasing within their Motion (Doc. 126, pp. 10-11). For example, see Complaint ¶s 101, 109, 112, 113, 127, 128, 134, 135, 137, etc.—to name a few of many specific instances in the Complaint (Doc. 77) that expressly allege fabrication AND fraudulent changes to Mr. Frazier's medical records. The defendants completely ignore that the Order (Doc. 122) includes Plaintiffs' claims for fabrication AND fraudulent changes to Mr. Frazier's medical records. The defendants are the ones who are mischaracterizing the claims and facts.

The defendants assert that certain discoverable information is not relevant, which is an evidentiary issue for trial. They cite an Eleventh Circuit opinion about the Speedy Trial Act for the proposition that the mischaracterization of claims in the Order at issue is clearly erroneous factually. They rely upon United States v. Ammar, 842 F.3d 1203 (11th Cir. 2016), where the defendant, Uri Ammar, appealed his convictions and total

sentence of life imprisonment after a jury found him guilty of robbery, conspiracy to commit robbery, and using or carrying a firearm in relation to a crime of violence.  The Eleventh Circuit held that, in granting a one-year continuance, the district court failed to comply with the Speedy Trial Act.  This opinion is in no way related to "the clearly erroneous or contrary to law" standard and pretrial orders under Federal Rule of *Civil* Procedure 72.  The defendants are using words and phrases within a general body of case law that have no bearing on the issues at bar.

In Section III of the defendants' motion, they argue the audit trail is protected by the peer review privilege, and they state the Magistrate's finding that this argument has no basis in the record is both clearly erroneous and contrary to law; however, the case law cited by the defendants, with the exception of Jalowski, does not involve the issue of audit trails. (See Doc. 126, p. 15).  In addition, the defendants' position is based on the affidavit of Christy Jordan, Vice President, General Counsel & Government Relations (Doc. 103-4), which makes conclusory statements and attempts to speak for several other employees and agents of the defendants.  The defendants apply this same faulty logic in Section IV of their motion (See Doc. 126, p. 16), and attempt to address the HIPAA issue in Wellstar Health Sys., Inc. v. Jordan, 293 Ga. 12, 15, 743 S.E.2d 375, 378 (2013), before proving and establishing that peer review or work product privileges apply. (See Doc. 122, p. 6).  The defendants have not established the application of any privilege to date.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court **deny** the defendants' motion for reconsideration.  The Fraziers have had to obey

Orders by the Court in this lawsuit due to the defendants' request for their cell phone and tax returns. The defendants are no exception and should be Ordered to produce the unredacted/deleted portions of the audit trail immediately. Most important, the defendants have not come anywhere close to meeting the very high standard required by the Southern District of Georgia and the Eleventh Circuit for modifying or setting aside any part of the Order because it is clearly erroneous or contrary to law.

Respectfully submitted,

By: /s/ M. James Thomas

M. JAMES THOMAS, Bar #556162
1050 Glenbrook Way, Suite 480, #195
Hendersonville, TN 37075
mj@marcusjamesthomas.com
Telephone:(888) 474-7450/Fax:(877) 361-0848
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing **RESPONSE TO DEFENDANTS' MOTION FOR RECONSIDERATION** this day has been served upon all parties or counsel for all parties at interest in this case by delivering a copy of said document(s) *via* electronic mail to the email address provided by counsel pursuant to LR 5.1 on the 4th day of July 2022.

Steven P. Bristol and N. Daniel Lovein
Hall Booth Smith, P.C.
3528 Darien Highway, Suite 300
Brunswick, GA 31525
(912) 554-0093 ph/ (912) 554-1973 fax
Email:  dlovein@hallboothsmith.com
        sbristol@hallboothsmith.com

*Attorneys for Defendants*

/s/ M. James Thomas, Esq.