# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| CEDRICK FRAZIER; and TAMARA FRAZIER, | * * * | |
| Plaintiffs, | * * | CIVIL ACTION NO.: 2:21-cv-21 |
| v. | * * * | |
| SOUTHEAST GEORGIA HEALTH SYSTEM, INC.; SHERMAN A. STEVENSON; and COOPERATIVE HEALTHCARE SERVICES, INC., | * * * * * | |
| Defendants. | * | |

**O R D E R**

This matter is before the Court on Defendants' June 21, 2022 Objections to the Magistrate Judge's June 14, 2022 Order. Dkt. No. 126. In the challenged Order, the Magistrate Judge granted Plaintiffs' motion to compel and required Defendants to produce certain documents, referred to as audit trails. Dkt. No. 122. Plaintiffs filed a Response, opposing Defendants' Objections, and Defendants filed a Reply. Dkt. Nos. 127, 130. In their Objections, Defendants request the Court impose a stay.

**I.   The Stay Request is Moot**

Defendants ask the Court to stay the case until the Court rules on Defendants' motion for summary judgment and the Objections presently before the Court.  Dkt. No. 126 at 3-4.

The Court has denied the motion for summary judgment, dkt. no. 131, and the stay request is **DENIED as moot.**

**II.  Objections on Motion to Compel**

   **A.   Background**

Plaintiffs sought audit trails associated with C. Frazier's medical records through discovery.  The audit trails are automatically generated logs showing certain information related to electronic medical records.  The logs show information like when the medical record was accessed, who accessed the medical record, and what actions, if any, were taken when accessing the medical record.  Essentially, the audit trails are the metadata associated with an electronic medical record.

Specifically, Plaintiffs requested the electronic audit trail showing each date and time Mr. Frazier's medical records were accessed and by whom from January 21, 2020 to present. Dkt. No. 103-1 at 1.  Defendants largely produced most of the audit trails requested by Plaintiffs but withheld the portions showing accesses or views by Defendants' counsel or staff or by hospital staff after the litigation was initiated.  Dkt. No. 103-2.  Plaintiffs moved to compel production of the

2

withheld portions of the audit trails.  Dkt. No. 101. Defendants asserted they need not produce this portion of the audit trail because it is protected by the work-product doctrine.  Dkt. No. 103-1 at 1–2.

The Magistrate Judge granted Plaintiffs' motion to compel. Specifically, the Magistrate Judge found the audit trails were relevant under Federal Rule of Civil Procedure 26 and that the audit trails were not protected by the work-product doctrine. Dkt. No. 122.  Thus, the Magistrate Judge ordered Defendants to produce the audit trails.  Defendants now object to that ruling.

**B.   Legal Standard**

When considering a party's objections to a magistrate judge's ruling on a non-dispositive matter, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a). Otherwise, the magistrate judge's ruling stands.  "A ruling is clearly erroneous where either the magistrate judge abused his discretion or the district court, after reviewing the entirety of the record, is left with a definite and firm conviction that a mistake has been made."  Jackson v. Deen, No. 4:12-CV-139, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013) (citing Pigott v. Sanibel Dev., LLC, No. CIVA 07-0083, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008)).  A decision by the magistrate judge

3

is contrary to law when it "fails to follow or misapplies the applicable law." Id. (citations omitted).

### C. Defendants' Objections to the Order Compelling Production

Defendants argue the Magistrate Judge's Order is clearly erroneous or contrary to law because the portions of the audit trail Plaintiffs seek are not relevant, the audit trail views are protected by the peer-review privilege, HIPAA does not require disclosure of audit trails, and the audit trails are protected work product.  Dkt. No. 126.  The Court addresses each of these arguments in turn.

#### *1. Relevance.*

The Magistrate Judge concluded the audit trails are relevant discovery.  Dkt. No. 122 at 3.  For the first time, Defendants argue the portions of the audit trails generated after suit was filed are not relevant.  Dkt. No. 126 at 9–15. The Court need not consider Defendants' newly raised arguments, as Defendants failed to present any such argument in their briefing to the Magistrate Judge.  See Williams v. McNeil, 557 F.3d 1287, 1291 (11th Cir. 2009) (approving district court's refusal to consider new argument set forth in objections where party had opportunity to present such argument to magistrate judge and failed to do so).  For this reason alone, Defendants'

4

Objections to the Magistrate Judge's relevance determination are overruled.

Even considering Defendants' arguments on relevance, Defendants fail to show the Magistrate Judge's conclusions are clearly erroneous or contrary to law. Defendants argue the Magistrate Judge incorrectly described Plaintiffs' claims as related to the "fabrication of false medical records and fraudulent changes to Plaintiff C. Frazier's medical records." Dkt. No. 126 at 10 (citing Dkt. No. 122 at 3). Defendants assert the correct characterization of Plaintiffs' claims does not involve any fraudulent changes. Id. at 10–12. But the Magistrate Judge's description of Plaintiffs' claims finds support in the record. Plaintiffs title their claims as "Fraudulent/Altered Medical Record and Constructive Fraud," "Fabricated Medical Record, Fraud and Constructive Fraud," and "Fraudulent Medical Record and Constructive Fraud". Dkt. No. 77 at 20–24. The descriptions of these claims include creating false entries in Plaintiff C. Frazier's medical record, fabricating portions of the medical record months after visits occurred, and making other intentional misrepresentations in his medical record. Id. While Defendants disagree with the Magistrate Judge's characterization of those allegations, the Magistrate Judge based his description on Plaintiffs' operative Complaint and that description is not clearly erroneous. What

5

Defendants describe as "knowingly created an inaccurate medical record," the Magistrate Judge simply described as fabrication and fraud.

Defendants also argue the evidence is not relevant because it has been produced in other forms, such as .pdf files generated from Plaintiff C. Frazier's electronic medical record. Dkt. No. 126 at 13-14. Whether the information has already been produced in another form does not speak to relevance. Accordingly, the Court **OVERRULES** Defendants' Objections on relevance.

### *2. Peer-Review Privilege.*

Defendants assert the audit trail views are protected by the peer-review privilege—an argument the Magistrate Judge rejected as having no basis in the record. Dkt. No. 126 at 15-16 (citing Dkt. No. 122 at 6 n.4). Defendants argue the affidavit of Southeast Georgia Health System's General Counsel, Christy D. Jordan, shows the medical records were viewed as part of the peer-view process. Id. The Magistrate Judge rejected this argument because Jordan's affidavit does not mention peer review as a reason for viewing the records. Dkt. No. 103-4 at 4. Instead, Jordan only states generally that Plaintiff's medical records were reviewed in relation to this instant litigation. After reviewing Jordan's affidavit, the Court cannot say the Magistrate Judge's conclusion was clearly

6

AO 72A
(Rev. 8/82)

erroneous or contrary to law. While Jordan provides information on others who also reviewed the medical record, nowhere does she state this was done as part of a peer-review process. Id. Accordingly, the Court **OVERRULES** this portion of Defendants' Objections.

### *3. HIPAA.*

Defendants argue the Magistrate Judge clearly erred when declining to consider whether HIPAA requires disclosure of the audit trails. Dkt. No. 126 at 16-24. Defendants argue HIPAA does not require the disclosure of audit trails under Georgia law. However, whether HIPAA requires disclosure of audit trails, or any other protected work product, was not a question the Magistrate Judge needed to answer. The Magistrate Judge concluded the audit trails in this case are discoverable under the Federal Rules of Civil Procedure, and, as a result, did not need to determine whether HIPAA provides a separate, independent basis for disclosure. Dkt. No. 122 at 3, n.1. Whether HIPAA requires Defendants to disclose the audit trails is immaterial.

Defendants argue Wellstar Health Sys. Inc. v. Jordan, 743 S.E.2d 375 (Ga. 2013), and other cases show HIPAA does not mandate disclosure of audit trails.[1] But the Magistrate Judge

---

[1] To be clear, Defendants do not argue HIPAA *prohibits* the disclosure of audit trails, and nothing in Wellstar or any other case Defendants cited suggests HIPAA limits or abrogates discovery under the Federal Rules of Civil Procedure.

7

did not conclude HIPAA mandates disclosure of the audit trails. The Magistrate Judge looked to the Federal Rules of Civil Procedure and found the information to be discoverable under that framework. The Georgia Supreme Court acknowledged in Wellstar that such a framework, not HIPAA, was the correct way to seek production of documents not covered by HIPAA. Wellstar, 743 S.E.2d at 378 ("[I]it is clear HIPAA does not entitle an individual to access protected work product in the possession of a covered entity simply by virtue of the fact that it contains protected health information. One seeking production of such information must do so in accordance with applicable rules of discovery.").

The Court discerns no error in the Magistrate Judge declining to address whether HIPAA mandates disclosure because it was not necessary to reach that issue. Accordingly, this portion of Defendants' Objections is **OVERRULED**.

### 4. *Work-Product Protection.*

Defendants argue the Magistrate Judge clearly erred when determining the redacted portions of the audit trails were not considered work product. Dkt. No. 126 at 20-25. Defendants point to Wellstar to show the work-product privilege applies to the audit trails. Id. at 21. While Wellstar recognizes the work-product privilege, Wellstar addresses the production of a

8

very different document—the transcripts of internal interviews conducted by opposing counsel. 743 S.E.2d at 378

The Magistrate Judge considered whether the information contained in the audit trails (i.e., document "views" by attorneys and staff) constitutes work product and concluded it does not. Specifically, the Magistrate Judge determined Defendants failed to demonstrate that merely viewing a document would reveal an attorney's mental impressions. Dkt. No. 122 at 4. While Defendants' object to this conclusion, Defendants still fail to explain how mere views of Plaintiff's medical records would reveal counsel's mental impressions.

Moreover, the Magistrate Judge cited multiple cases where other courts concluded audit trails were not protected by the work-product doctrine or any other applicable privilege. Dkt. No. 122 at 4-5. Defendants fail to even acknowledge the contrary caselaw. Instead, Defendants point to caselaw cited by Plaintiffs, on which the Magistrate Judge did not rely. Dkt. No. 126 at 23.

Additionally, Defendants point to Jalowsky v. Provident Life & Accident Insurance Co., No. CV 18- 279, 2020 WL 3492554 (D. Ariz. June 25, 2020), to show the work-product privilege applies to audit trails. Id. at 24-25. The Magistrate Judge addressed Defendants' reliance on Jalowsky but found it distinguishable because the information defendants sought to

9

withhold in <u>Jalowsky</u> is different from the information Defendants seek to withhold here.  Dkt. No. 122 at 4-5.  In that case, the defendants produced portions of the medical records that had been reviewed by counsel and only sought to withhold the "description" column.  Thus, the <u>Jalowsky</u> court did not consider whether the portions of the audit trail showing the records that had been viewed constituted work product.  In their Objections, Defendants again fail the address the caselaw the Magistrate Judge relied on, showing courts do not consider audit trails as work product.  The Court cannot say the Magistrate Judge's holding the audit trails in this case are not protected and must be produced is clearly erroneous or contrary to law.

In short, Defendants fail to show the Magistrate Judge's ruling is clearly erroneous or contrary to law.  Accordingly, the Court **OVERRULES** Defendants' Objection, and the Magistrate Judge's June 14, 2022 Order requiring the production of the unredacted audit trails remains the Order of this Court.  Defendants shall comply with the Magistrate Judge's Order within 14 days of this ruling.

**SO ORDERED**, this 22nd day of July, 2022.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)