IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| CEDRICK AND TAMARA FRAZIER, <br><br> Plaintiffs, <br> v. <br><br> SOUTHEAST GEORGIA HEALTH SYSTEM, INC.; COOPERATIVE HEALTHCARE SERVICES, INC. d/b/a SOUTHEAST GEORGIA PHYSICIAN ASSOCIATES – Ear, Nose & Throat; and SHERMAN A. STEVENSON, M.D. <br><br> Defendants. | CIVIL ACTION FILE NUMBER: <br><br> 2:21-cv-00021-LGW-BWC |

**MOTION AND MEMORANDUM OF LAW IN SUPPORT FOR LEAVE TO FILE VERIFIED THIRD AMENDED COMPLAINT AND
PROPOSED VERIFIED THIRD AMENDED COMPLAINT**

Plaintiffs seek leave under Federal Rule of Civil Procedure 15(a)(2) to file a Verified Third Amended Complaint.  Plaintiffs' proposed Verified Third Amended Complaint adds facts to support its current claims, as well as recently discovered claims of assisting/furthering fraud, violations of federal and state healthcare criminal statutes - 18 USC §1035 (False statements relating to healthcare matters) and O.C.G.A. §16-10-94.1 (Willful destruction, alteration, or falsification of medical records), civil rights claims/racial discrimination in the provision of healthcare treatment and services, breach of fiduciary duty, intentional infliction of emotional distress and negligent infliction of emotional distress. (Exhibit 1 – Proposed Verified Third Amended Complaint).  Plaintiffs are also attaching a supplemental affidavit/opinion by their medical records expert, Kathryn Crous.  This supplemental affidavit/opinion is being filed in support of this motion. (Exhibit 2- Supplemental Report of Kathyrn Crous).  Based upon recently

1

discovered facts during discovery to date since the previous amendment (Doc. No. 77) and evaluation and analyses by a medical records expert, leave to amend should be granted.

Counsel for the moving party (Plaintiff) conferred and spoke with opposing counsel about the proposed amendment but has not received a return phone call from defense counsel.  Plaintiffs' legal counsel spoke at length with defense counsel *via* telephone on the morning of Monday, September 26, 2022.  Plaintiffs were seeking the consent of the defendants for this motion, or at minimum, an agreement that Plaintiffs could file the motion for leave to amend the complaint unopposed.  Defense counsel indicated that he would discuss this issue with the defendants and that they would follow up with Plaintiffs' counsel soon—if recalled correctly, defense counsel stated he would try and get back with Plaintiffs by the end of that same day.  Plaintiffs also shared and emailed to defense counsel a draft copy of the Third Amended Complaint for their review, consideration, and comment.  However, two weeks (or 14 days) have passed by, and Plaintiffs have not heard back from defense counsel.

**BACKGROUND**

Plaintiffs filed a complaint on February 25, 2021 (Doc. No. 1).  The defendants filed Answers to the Complaint on May 13, 2021 (Doc. Nos. 13-16).  A motion to add a party and file a first amended complaint was filed on May 29, 2021 (Doc. No. 28). Defendants filed Amended Answers to the first amended complaint on June 2, 2021 (Doc. Nos. 30-33).  On December 7, 2021, the Clerk of Court was directed to docket Plaintiffs' Second Amended Complaint as a separate docket entry (Doc. No. 76).  The

defendants filed Answers shortly thereafter on December 20, 2021. (Doc. Nos. 80, 81 and 82).

Discovery has been served by both parties and motions to compel may be forthcoming as Plaintiffs have uncovered an altered and/or modified audit trail with inconsistencies that raise concerns that Mr. Frazier's electronic medical record is not an accurate depiction of the care he received at SGHS.  Discovery responses received recently in March 2022 and depositions taken by Plaintiffs in April 2022 and July 2022 have also uncovered facts that support Plaintiffs' allegations that the defendants are assisting/furthering fraud in violation of federal and state criminal statutes.

**SECOND SET OF INTERROGATORIES TO DR. STEVENSON – response served on 3-18-2022**

INTERROGATORY NO. 7: On what date and time did you create the medical record for Mr. Frazier's alleged physical examination by you with date of service on 2/6/2020?

RESPONSE: On 4/10/2020 at approximately 11:08 through 11:09 a.m.

**THIRD REQUESTS FOR ADMISSION TO SGHS, INC. – responses served on 3-18-2022**

7. Admit or Deny that you did NOT physically examine Mr. Frazier on 2/6/2020 at 11:08 EST.

RESPONSE: Admitted. Dr. Stevenson did not physically examine Mr. Frazier at 11:08 a.m. EST on 2/6/2020. It is further admitted that Mr. Frazier did visit the SGPA-ENT office in the afternoon of 2/6/2020.

8. Admit or Deny that you did NOT physically examine Mr. Frazier on 2/6/2020 at 11:09 AM EST.

RESPONSE: Admitted. Dr. Stevenson did not physically examine Mr. Frazier at 11:09 a.m. EST on 2/6/2020. It is further admitted that Mr. Frazier did visit the SGPA-ENT office in the afternoon of 2/6/2020.

10. Admit or Deny that you did NOT physically examine Mr. Frazier on 4/10/2020.

Motion for Leave to Amend Third Complaint – Fraziers

RESPONSE: Admitted.

Plaintiffs first raised their suspicions of inaccurate medical record entries by the defendants in their response to Defendant Southeast Georgia Health System, Inc.'s Motion to Compel filed on August 26, 2021 (Doc. No. 54, pp. 3-5), and brought to the defendants' attention the omission and absence of the "informed consent" forms produced to Mr. Frazier following requests for medical records in April 2020 and October 2020 (Doc. No. 54, pp. 8-10).  Inaccurate medical record entries is an issue raised in the "Consent Motion for Amended Scheduling Order" filed on September 15, 2021 (Doc. No. 56).

During a deposition on April 26, 2022, Nancy Lorenz, the Corporate Compliance Director and HIPAA Privacy Officer during the period in question, stated under oath that when she retired from her position she left a file containing documents associated with the Nunneman/Frazier investigation. (Exhibit 3, pp. 5-6).  The objections stated as to Question Number 29 refer to Exhibit 3, pp. 1-4.  This investigation, which involved a racial discrimination complaint made by Mr. Frazier, was conducted by the Corporate Compliance/HIPAA Privacy office in September/October 2020 shortly after Mr. Frazier confronted Dr. Stevenson on 5/27/2020 about his 2/25/2020 medical record, AND *before* Mr. Frazier made a second request for his medical records in writing in a letter dated October 26, 2020.  Mr. Frazier never received his complete medical records that were printed on November 16, 2020 and subsequently produced by the hospital to Mr. Frazier in December 2020.

Plaintiffs requested documentation referencing the Fraziers in Request for Production of Documents, Fifth Set, Nos. 19 and 20 – served in April 2022 and a

request was made for the Nunneman investigation/file during Ms. Lorenz' deposition on April 26, 2022, but it was met with extensive objections without supporting facts. A specific request was made in **Request for Production of Documents, Sixth Set, No. 3 – served on June 30, 2022 and answered on July 29, 2022**; however, this request was met with extensive objections by the defendants, again, without supporting facts:

> 3. Provide documentation, including reports, written statements, text messages and emails relating to a review by Nancy Lorenz, Tina Thomas or other SGHS employee, which mentions or refers to Cedrick Frazier and the incident referenced in the letter dated and signed by Nancy Lorenz on October 9, 2020.
>
> **RESPONSE: Defendant objects to Request No. 3 as it seeks information not relevant to the claims pled, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case. Defendants further object to this question as overly broad, unduly burdensome, causes undue annoyance, embarrassment, and oppression and is unreasonably cumulative or duplicative. See, e.g., Fed. R. Civ. P. 26(b) and (c). Defendant objects to this Request to the extent that it seeks information protected by applicable privileges including but not limited to attorney-client, work product, peer review, medical review privileges. Defendant further objects to this Request to the extent it seeks personal, privileged, and confidential information that should not be released absent consent. Personal medical records are protected by Georgia's constitutional right to privacy and cannot be disclosed without the patient's consent unless disclosure is otherwise required by law. See also the Healthcare Insurance Portability and Accountability Act of 1996 ("HIPAA"); 45 CFR parts 160 and 164 Standards for Privacy of Individually Identifiable Health Information and any other applicable privilege. The requested documents**

> **relate to medical care and treatment of someone other than Cedrick Frazier. Thus they reflect that individual's personal medical records, are protected by Georgia's constitutional right to privacy, and cannot be disclosed without that patient's consent unless disclosure is otherwise required by law.**

Plaintiffs provided defense counsel with an authorization to release medical records and affidavit of the "someone other than Cedrick Frazier"—his son, Avin Frazier, on August 17, 2022 *via* email. (Exhibit 4- Authorization to Release Medical Records and Affidavit). However, the defendants refuse to produce these non-privileged files. The defendants did not provide a privilege log referencing the documentation referenced by Nancy Lorenz at her deposition.

At the deposition of Joni Brooker on July 22, 2022, she confirmed that she opened Mr. Frazier's chart on 4/10/2020, approximately one hour before Dr. Stevenson created the fabricated 2/6/2020 date of service as shown in the audit trail below. (Exhibit 5 – Deposition transcript, pp. 81-82).

| # | AUDIT_SOURCE | DATE | TIME | TIMEZON | MRN | PATIENT_ | PATIENT_ | VIP_DISP | FACILITY | NURSE_U | USER_ID | PRSNL_NAME | ROLE | EVENT_TYPE | PARTICIPANT_NAME | PARTICIPANT_ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 288 | PROD/Default Logical Domain | 2/14/2020 | 8:41:08 | EST5EDT | 156931 | FRAZIER | CEDRICK LEON | | CHSI - SGI ENT Bwk | | EBAUTIS | Bautista Sanchez, Elizabet | Clinic Clinician | Modify Details | FRAZIER, CEDRICK LEON | OrderID=2230079311 |

| # | AUDIT_SOURCE | DATE | TIME | TIMEZON | MRN | PATIENT_ | PATIENT_ | VIP_DISP | FACILITY | NURSE_U | USER_ID | PRSNL_NAME | ROLE | EVENT_NAME | EVENT_TYPE | PARTICIPANT_NAME | PARTICIPANT_ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 960 | PROD/Default Logical Domain | 4/10/202 | 10:12:18 | EST5EDT | 156931 | FRAZIER | CEDRICK LEON | | | | JBROOKE | Brooker, Joni D | Clinic DSC/Mgr | Query Person Lock | Retrieve | FRAZIER, CEDRICK LEON | PatientID=18620446 |
| 961 | PROD/Default Logical Domain | 4/10/202 | 10:12:18 | EST5EDT | 156931 | FRAZIER | CEDRICK LEON | | | | JBROOKE | Brooker, Joni D | Clinic DSC/Mgr | Maintain Person Lock | Lock | FRAZIER, CEDRICK LEON | PatientID=18620446 |
| 962 | prod/Default Logical Domain | 4/10/202 | 10:12:18 | EST5EDT | 156931 | FRAZIER | CEDRICK LEON | | | | JBROOKE | Brooker, Joni D | Clinic DSC/Mgr | Access Person | Information | FRAZIER, CEDRICK LEON | PatientID=18620446 |
| 963 | prod/Default Logical Domain | 4/10/202 | 10:12:18 | EST5EDT | 156931 | FRAZIER | CEDRICK LEON | | | | JBROOKE | Brooker, Joni D | Clinic DSC/Mgr | Access Person | Information | FRAZIER, CEDRICK LEON | PatientID=18620446 |
| 964 | prod/Default Logical Domain | 4/10/202 | 10:12:19 | EST5EDT | 156931 | FRAZIER | CEDRICK LEON | | | | JBROOKE | Brooker, Joni D | Clinic DSC/Mgr | Access Person | Information | FRAZIER, CEDRICK LEON | PatientID=18620446 |

| # | AUDIT_SOURCE | DATE | TIME | TIMEZON | MRN | PATIENT_ | PATIENT_ | VIP_DISP | FACILITY | NURSE_U | USER_ID | PRSNL_NAME | ROLE | EVENT_TYPE | PARTICIPANT_NAME |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1518 | PROD/Default Logical Domain | 4/10/2020 | 11:09:45 | EST5EDT | 156931 | FRAZIER | CEDRICK LEON | | | | SSTEVEN | Stevenson MD, Sherman A | Clinic/Hosp ENT Physician | Write/Update Results | FRAZIER, CEDRICK LEON |

In an affidavit (Doc. 103-4) filed in this lawsuit on April 21, 2022 by the Vice President, General Counsel and Government Relations of SGHS, Christy D. Jordan, R.N., J.D., Esq. stated that she reviewed Mr. Frazier's electronic medical records on two different dates for more than one hour. Attorney Jordan also indicated that at her direction and with her authorization, the Risk Manager, Risk Analyst and Nurse Paralegal with

6

Motion for Leave to Amend Third Complaint – Fraziers

SGHS's attorneys Hall Booth Smith, PC similarly accessed Mr. Frazier's medical records. Upon information and belief, each of these registered nurses and the General Counsel for SGHS should have seen the backdated and fabricated 2/6/2020 date of service. As of March 18, 2022, the defendants knew that the 2/6/2020 date of service as shown on Mr. Frazier's electronic medical record never occurred, according to Dr. Stevenson's discovery responses above. However, the defendants have not taken any steps whatsoever to correct Mr. Frazier's medical records.

Plaintiffs respectfully submit the attached proposed verified third amended complaint (Exhibit 1) to replace the second amended complaint.

## STANDARD OF REVIEW AND ARGUMENT

Rule 15(a)(2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires."  The Rules, therefore, favor a permissive approach when parties request leave to amend. Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) and Woldeab v. DeKalb Cty. Bd. of Educ., 885 F.3d 1289, 1291 (11th Cir. 2018) ("A district court's discretion to deny leave to amend a complaint is 'severely restricted' by Fed. R. Civ. P. 15, which stresses that courts should freely give leave to amend 'when justice so requires.'" (quoting Fed. R. Civ. P. 15(a)(2))).  There is no undo prejudice because although Plaintiffs have disclosed their experts as of 8/3/2022, the defendants have not disclosed experts to date. In addition, Plaintiffs intend to pursue additional discovery in light of responses received during depositions of key defendant employees in late July 2022.  Once Plaintiffs have exhausted discovery, motions to compel will follow.  Similar to the

Motion for Leave to Amend Third Complaint – Fraziers

previous motion for amending the Complaint, Plaintiffs' theories of the case have expanded and are supported by expert review.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant their motion for leave to file the proposed Verified Third Amended Complaint.

Respectfully submitted,

By: /s/ M. James Thomas

M. JAMES THOMAS, Bar #556162
1050 Glenbrook Way, Suite 480, #195
Hendersonville, TN 37075
mj@marcusjamesthomas.com
Telephone:(888) 474-7450/Fax:(877) 361-0848
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing **MOTION FOR LEAVE TO AMEND, MEMO IN SUPPORT AND PROPOSED VERIFIED THIRD AMENDED COMPLAINT** this day has been served upon all parties or counsel for all parties at interest in this case by delivering a copy of said document(s) via electronic mail to the email address provided by counsel pursuant to LR 5.1 on the 10th day of October 2022.

Steven P. Bristol and N. Daniel Lovein
Hall Booth Smith, P.C.
3528 Darien Highway, Suite 300
Brunswick, GA 31525
(912) 554-0093 ph/ (912) 554-1973 fax
Email:  dlovein@hallboothsmith.com
        sbristol@hallboothsmith.com
Attorneys for Defendants

/s/ M. James Thomas, Esq.