1  the mailbox at my residence in late March of 2022.
2       Q.   Do you know or are you familiar with the
3  person identified in Number 27 above who signed for
4  receipt of the UPS package, and if so, in what
5  capacity and how long have you known this person?
6       A.   No.
7       Q.   Do you know whether Ms. Janelle Ellison
8  received the correspondence addressed to her dated
9  1/5/21 from Mr. Frazier concerning a request that his
10 medical record be corrected?  If not, identify the
11 employee who could have received this correspondence,
12 such as a supervisor, by full name, title/position,
13 and department.
14           MR. BRISTOL:  Defendants object to this
15      question as overly broad, unduly burdensome,
16      causes undo annoyance, embarrassment, and
17      oppression and is unreasonably cumulative or
18      duplicative or is obtainable from some other
19      source that is more convenient, less burdensome,
20      or less expensive than -- and that the
21      plaintiffs seeking discovery as to this question
22      had the opportunity by discovery in the action
23      to obtain information sought from her former
24      employer SGHS, a named defendant.  See, e.g.,
25      Federal Rule of Civil Procedure 26(b) and (c).

1     Defendants further object to this question
2 to the extent that it is not proportional to the
3 needs of the case and to the extent it seeks
4 personal, privileged, and confidential
5 information that should not be released absent
6 consent of Ms. Lorenz.  E.g., *DaCosta v. City of*
7 *Danbury*, 298 Federal Rule Decision 37 (D. Conn.
8 2014).
9     Defendants further object to the extent
10 this question is protected by any applicable
11 privilege including but not limited to peer
12 review and related medical review privileges.
13 See, e.g., *Emory Clinic v. Houston*, 258 Georgia,
14 434, 369 S.E. 2nd 913 (1988); *Ussery v.*
15 *Children's Healthcare of Atlanta, Inc.*, 289
16 Georgia App. 255, 656 S.E. 2nd 882, (2008);
17 O.C.G.A. sections 31-7-133 and 31-7-143, and
18 work product privilege and attorney-client
19 privilege.  See *Hickman v. Taylor*, 329 U.S. 495;
20 FRCP Rule 26(b); FRE Rule 502.
21     Defendants further object to this question
22 to the extent it is vague, ambiguous, confusing,
23 argumentative, and/or calls for speculation and
24 may require access to or production of records
25 to which Ms. Lorenz no longer has access as she

has been retired since mid-February of 2022.

As a nonparty, Ms. Lorenz objects to this question as overly broad, unduly burdensome, causes undo annoyance, embarrassment, and oppression and is unreasonably cumulative or duplicative or is obtainable from some other source that is more convenient, less burdensome, or less expensive, and that the plaintiffs seeking discovery as to this question had the opportunity by discovery in the action to obtain information sought from her former employer SGHS, which a named defendant. See, e.g., Federal Rule of Civil Procedure 26 (b) and (c).

Ms. Lorenz objects to this question to the extent it is not proportional to the needs of the case and to the extent it seeks personal, privileged, and confidential information. E.g., *DaCosta v. City of Danbury*, 298 F.R.D 37, (D. Conn. 2014).

Ms. Lorenz further objects to the extent this question is protected by any applicable privilege including but not limited to peer review and related medical review privileges. See *Emory Clinic v. Houston,* 258 Georgia 434, 369 S.E. 2nd 913 (1988); *Ussery v. Children's*

1    *Healthcare of Atlanta, Inc.*, 289 Georgia App.
2    255, 656 S.E. 2nd 882 (2008); O.C.G.A. sections
3    31-7-133 and 31-7-143, and work product
4    privilege and attorney-client privilege.  See,
5    e.g., *Hickman v. Taylor*, 329 U.S. 495; FRCP Rule
6    26(b); FRE Rule 502.
7         This question is objected to, to the
8    extent it is vague, ambiguous, confusing,
9    argumentative, and/or calls for speculation and
10   may require access to or production of records
11   to which Ms. Lorenz no longer has access as she
12   has been retired since mid-February of 2022.
13        THE WITNESS:  No, I don't know.
14   Q.   (By Mr. Thomas)  Did your office or any
15   other department conduct an investigation into the
16   allegations made by Mr. Frazier in his correspondence
17   noted above dated 1/5/21 upon receipt of his letter
18   by the defendants on January 7, 2021?
19        MR. BRISTOL:  Defendants incorporate by
20   reference as if restated herein verbatim the
21   objections stated in -- as to Question Number
22   29.
23        Ms. Lorenz incorporates by reference as if
24   restated herein verbatim the objections stated
25   as to Question Number 29.

34

1          (Plaintiffs' Exhibit 5 was marked for
2     identification.)
3          Q.     (By Mr. Thomas)  Did your office conduct
4     an investigation into an incident involving Dr.
5     Rudolph G. Nunnemann and Mr. Cedrick Frazier in
6     August 2020?  Attached Exhibit 5, pages 1 and 2.
7               MR. BRISTOL:  Defendants incorporate by
8          reference as if restated herein verbatim the
9          objections stated as to Question Number 39.
10              Ms. Lorenz incorporates by reference as if
11         restated herein verbatim the objections stated
12         as to Question Number 29.
13              THE WITNESS:  Yes.
14         Q.    (By Mr. Thomas)  Identify each person
15    within and outside of your office that assisted you
16    in making determinations and findings cited in your
17    letter to Mr. Frazier dated October 9, 2020.
18              MR. BRISTOL:  Defendants incorporate by
19         reference as if restated herein verbatim the
20         objections stated as to Question Number 39.
21              Ms. Lorenz incorporates by reference as if
22         restated herein verbatim the question -- the
23         objections stated as to Question Number 29.
24              THE WITNESS:  I do not remember, other
25         than my senior compliance officer at the time,

1          Tina Thomas.
2          Q.     (By Mr. Thomas)  Did you leave with the
3    defendants your file containing documents associated
4    with the Nunnemann/Frazier investigation to include
5    reports, notes and documents created during the
6    investigation, statement by witnesses, etc.?  If not,
7    then please produce this file.
8                MR. BRISTOL:  Defendants incorporate by
9          reference as if restated herein verbatim the
10         objections stated as to Question Number 39.
11               Ms. Lorenz incorporates by reference as if
12         restated herein verbatim the objections stated
13         as to Question Number 29.
14               THE WITNESS:  Yes.
15         Q.    (By Mr. Thomas)  What is the rule and
16   policy followed by Defendants when a patient asks a
17   staff physician in person for his or her medical
18   record to be amended or corrected?
19               MR. BRISTOL:  Defendants incorporate by
20         reference as if restated herein verbatim the
21         objections stated as to Question Number 39.
22               Ms. Lorenz incorporates by reference as if
23         restated herein verbatim the objections stated
24         as to Question Number 29.
25               THE WITNESS:  I do not know specifically,