# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| CEDRICK AND TAMARA FRAZIER, <br><br> Plaintiffs, <br><br> v. <br><br> SOUTHEAST GEORGIA HEALTH SYSTEM, INC.; COOPERATIVE HEALTHCARE SERVICES, INC. d/b/a SOUTHEAST GEORGIA PHYSICIAN ASSOCIATES – Ear, Nose & Throat; and SHERMAN A. STEVENSON, M.D. <br><br> Defendants. | CIVIL ACTION FILE NUMBER: <br><br> 2:21-cv-00021-LGW-BWC |

### REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION REGARDING MOTION TO AMEND/CORRECT THIRD AMENDED COMPLAINT

Comes now, Plaintiffs Cedrick and Tamara Frazier, by and through counsel, respectfully file and serve this reply brief as required by Local Rule 7.6.

The defendants' response focuses primarily on the prong of undue delay, but they do not mention how they fail to show professional courtesy of calling the Plaintiffs' attorney for purposes of "meet and confer" on the telephone.  Although Plaintiffs' attorney called defense legal counsels to discuss the filing of an amended complaint and provided a draft copy of proposed complaint for their review, the defendants' counsel never followed up with a return phone call, or at least to advise the reasons for opposition to the proposed complaint.  Plaintiffs waited 14 days before filing the motion for leave to amend after not hearing from defense legal counsels on whether the motion could be filed unopposed.  If Plaintiffs had waited for defense legal counsel to call back on their position before filing, then they might have been waiting right now.  This

incident alone is an example of undue delay, dilatory motive or bad faith by the defendants.

The Southern District of Georgia follows precedent stating that unless a substantial reason exists to deny the motion, such as undue prejudice or delay, movant's bad faith or dilatory motive, repeated failure to cure deficiencies, or futility, the interests of justice require that leave to amend be granted. Foman v. Davis, 371 U.S. 178, 182 (1962). In Foman v. Davis, the U.S. Supreme Court stated, "It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities.  'The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.' Conley v. Gibson, 355 U.S. 41, 48. The Rules themselves provide that they are to be construed 'to secure the just, speedy, and inexpensive determination of every action.' Rule 1." Foman v. Davis, 371 U.S. 178, 181-82, 83 S. Ct. 227, 230 (1962).

The defendants cite five factors discussed by the Eleventh Circuit Court of Appeals that a district court should consider when denying a motion to file an amended complaint:  1) undue delay - there has been no showing of undue delay by the Fraziers as the parties received a recent domicile/subject matter jurisdiction ruling on 7/22/2022 (Doc. 132), a Fifth Amended Scheduling Order was signed by the Court on 8/15/2022 (Doc. No. 141) and defendants' Clarification Order was granted on 8/26/2022 (Doc. No. 145); and the Fraziers learned of new facts (some facts previously withheld by the defendants) during discovery, including written discovery responses and testimony from

depositions in March, April, July and August 2022; 2) the defendants have not shown bad faith or dilatory motive on the part of the movant; 3) repeated failure to cure deficiencies by amendments previously allowed - the defendants never established deficiencies in previous complaints (Doc. Nos. 12, 28 and 77); 4) undue prejudice to the opposing party by virtue of allowance of the amendment – the defendants have not articulated any undue prejudice by virtue of allowance; and 5) futility of amendment has not been shown. Seiger v. Philipp, 735 F. App'x 635, 637 (11th Cir. 2018). In this ADA action, Seiger v. Phillipp, the order denying the employee's motion for leave to file a second amended complaint following the dismissal of his first amended complaint with prejudice was reversed by the Eleventh Circuit Court of Appeals because *the district court abused its discretion by denying leave to amend* on the basis that the complaints contradicted each other. The Eleventh Circuit stated that the Federal Rules do not prohibit contradictory pleadings. The defendants do not appear to state that the Fraziers' Third Amended Complaint contradicts the previous amendment. This Eleventh Circuit case reinforces the general rule that "Federal Rule of Civil Procedure 15 provides that district courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2)." Seiger v. Philipp, 735 F. App'x 635, 637 (11th Cir. 2018).

      The defendants continue to allege that the Fraziers have committed fraud and provided false testimony (Doc. No. 149, p. 3, Footnote 3), but to date, the defendants have offered no expert witness affidavit/report to rebut the opinions of Jim Stafford, certified expert in video forensics and image analysis concerning the authenticity of Mr. Frazier's videos, audio recordings and pictures taken on his cell phone as they relate to this lawsuit (Doc. No. 54-1 and updated affidavit on 7/21/2022 as a part of Exhibit 1

3

below).  Second, the defendants have offered no expert witness affidavit/report to rebut the opinions of Kathryn Crous, RN, BSN, medical records expert, who has articulated additional instances of medical record alteration *after* the filing of this lawsuit by the defendants (Doc. No. 147, ¶26).

This Court ordered the defendants to produce the withheld portions of the audit trail associated with Mr. Frazier's electronic medical record ("EMR") on July 22, 2022 (Doc. No. 132).  Withheld portions revealed that the review of the audit trail associated with Mr. Frazier's EMR by the general counsel, who is a registered nurse and other risk management staff nurses *do not* reveal thought processes, mental impressions and personal beliefs and how they assembled information as alleged in an affidavit by Christy Jordan, JD, RN, Vice President, General Counsel & Government Relations on 4/22/2022 (Doc. No. 103-4).  In addition, the general counsel and risk management staff nurses had to have seen the absence of a final sponge count in Mr. Frazier's surgery records dated 1/21/2020 and the creation of a medical record by Dr. Stevenson over two months after the alleged date of service—a date of service and time that Dr. Stevenson has since admitted did not occur.  In the defendants' Answers concerning the fabricated and fraudulent 2/6/2020 date of service, there is no mention of a specific time during the afternoon that Dr. Stevenson saw Mr. Frazier.  There is no medical record and no indication in the audit trail to support Dr. Stevenson's allegation that he saw Mr. Frazier during the afternoon of 2/6/2020 (Doc. Nos. 80, ¶¶108-109; 81, ¶¶108-109 and 82, ¶¶108-109).  On May 20, 2022, in response to the Fraziers' discovery requests (Plaintiffs' First Request for Production of Documents to CHSI, No. 4 and Fifth Set of Request for Production of Documents to SGHS, No. 4), the defendants produced

4

Dr. Stevenson's schedule of patients seen on 2/6/2020.  Mr. Frazier would have been 46 years old as of 2/6/2020.  Mr. Frazier paid for his FMLA paperwork at the front desk in the lobby of CHSI/SGPA-ENT on 2/6/2020 at 2:09 pm according to the receipt, and then he left the office immediately thereafter. (Exhibit 1 – receipt for FMLA paperwork). Dr. Stevenson had appointments scheduled at 1:50 pm with a 72-year-old female patient; 2:00 pm with a 64-year-old female patient; 2:10 pm with an 82-year-old female patient; 2:20 pm with a 78-year-old female patient; 2:40 pm with a 27-year-old male patient; 2:50 pm with a 22-year-old female patient and 3:00 pm with a 14-year-old female patient. (Exhibit 2 – February 6, 2020 – Stevenson, Sherman/SGPA ENT Stevenson patient schedule).  Based on the number of patients seen that afternoon, it is highly unlikely that Dr. Stevenson would have had time to see Mr. Frazier, who was not included on the list of scheduled visits for that day.  If there were ever a lawsuit where a motion for leave to amend is granted, then this lawsuit is ripe for such an amendment.

The defendants did not explain why plaintiffs have not and cannot show good cause before considering whether amendment is proper under Rule 15(a).  The defendants only submit that the Plaintiffs cannot show good cause without reference to specific facts in the record.  Both parties anticipated the need to amend pleadings in the Rule 26f report dated 6/8/2021 (Doc. No. 34, p. 16), but that was at a time when it was anticipated for discovery to end by 1/19/2022.  Of course, these initial plans and timelines (Doc. No. 41) drastically changed due to valid and legitimate disputes that have arisen throughout the course of this litigation and the evolving circumstances of this case.  The defendants did not reference the specific scheduling order(s) at issue

and how each scheduling order applies to their arguments in their response (Doc. No. 149).

In the "Background and Facts" section I. of the response (Doc. No. 149, pp. 1-7), the defendants reference affidavits of Dr. Armstrong and Dr. Ajir, which defendants themselves exhibited and made a part of the docket at Doc. Nos. 53-6 and 53-7, but fail to acknowledge and disregard new and recently updated affidavits/reports produced to the defendants on 7/21/2022 by Jim Stafford, a certified expert in video forensics and image analysis; on 8/2/2022 by Margaret L. Dennis, D.M.D., a treating orofacial pain specialist and expert witness; and on 8/3/2022 by Suzette Mikula, M.D. of Mikula Expert ENT, LLC. (Exhibit 3 – CVs and affidavits/reports by Jim Stafford, Dr. Dennis and Dr. Mikula; the CV of Mr. Stafford is found at Doc. No. 54-1).  Based on the aforementioned, the defendants have not offered a reason, let alone a substantial reason, for the Court to deny the Fraziers' Motion for leave to amend.  The defendants' reasoning simply does not pass muster.

**A. No undue prejudice or delay**

The defendants were allowed to obtain Mr. Frazier's tax returns although they had submitted a summary judgment motion well before filing a subsequent motion to compel before the Court.  In fact, the defendants had never even mentioned the Fraziers' tax returns to the Court before filing a summary judgment motion.  This arguably gave the defendants a second bite at the apple concerning subject matter jurisdiction, and now they are accusing the Fraziers of doing the same.  The Fraziers' claims are not "everchanging," but are based on recent discovery responses.  If recalled accurately, the Court specifically discussed that the parties would let the facts determine

6

whether subsequent amendments would be allowed, and no date to preclude possible later amendments of a pleading was established. In the Powell case cited by the defendants, the district court "wrote [in the Summary Judgment Order] that 'allowing Plaintiffs to amend their current complaint will cause undue delay in an action that has already been plagued by repeated delays,' and that amendment would prejudice the defendants." Powell v. United States, 800 F. App'x 687, 700 (11th Cir. 2020). The plaintiffs appealed the district court's grant of defendants' motions for summary judgment and, with respect to certain defendants, the grant of motions to dismiss. Powell v. United States, 800 F. App'x 687, 689 (11th Cir. 2020). There has been no summary judgment and/or motions to dismiss granted in this lawsuit. On review of Powell, it is not applicable to the facts at bar.

References to criminal statutes were not mentioned in the prior pleading because the defendants did not make admissions to certain allegations until March/April 2022, several months after the second amended complaint was made a part of the docket. The defendants cite Malik v. Dep't of Veteran Affs., No. CV199471PSGGJSX, 2020 WL 3871446 (C.D. Cal. July 8, 2020), which involved a complaint seeking civil recovery for false statements relating to health care matters brought under 18 U.S.C. §1035. The court ruled that this statute does not create a private cause of action. However, the complaint in Malik identified 18 U.S.C. §1035 as its second cause of action. (Exhibit 4 – "First Amend Complaint Adding Names to Does," p. 14 of 24). The Fraziers did not identify this criminal statute, or any other criminal statute as a cause of action in the proposed third amended complaint, but rather reference these criminal statutes within counts seeking civil recovery for fabricated medical record, fraud and constructive fraud.

Reply to Defs' Response to Motion to Amend Complaint

The defendants do not cite any authority or case law stating that references to criminal statutes are not allowed in a civil pleading.

The defendants continue to ignore their recent responses to discovery and deposition testimony by hospital employees as recent as July 2022. The Fraziers did not have facts to allege breach of fiduciary duty until Dr. Stevenson admitted that at least one of the dates of service (DOS 2/6/2020) in Mr. Frazier's certified medical records did not occur at the time shown. Dr. Stevenson admitted that this date of service/office visit is false and that it did not occur at the time indicated on Mr. Frazier's medical record. The defendants have taken no steps to correct this false date of service as shown in Mr. Frazier's certified EMR.

Concerning the racial discrimination claims, the defendants cite no case law or other authority that states how knowledge of a potentially relevant document (e.g., October 9, 2020 letter written by Nancy Lorenz) dated prior to a motion for leave to file an amended complaint precludes the filing of subsequent allegations. Again, the defendants fail to realize that they are actively refusing to produce relevant files of an investigation involving Mr. Frazier, which is like the defendants' refusal to produce the withheld portions of the audit trail absent a court order (Doc. No. 103, p. 3, Footnote 1). At the deposition on April 26, 2022, Ms. Nancy Lorenz, former Corporate Compliance/HIPAA Privacy Officer stated she left a file containing documents of an investigation involving Mr. Frazier at the hospital upon her retirement and when she resigned. This statement was made by Ms. Lorenz after blanket objections were filed by the defendants (Doc. No. 99) before and during her deposition. Plaintiffs are not required to assume facts not in evidence based solely on a letter written by a former

8

employee, who had to be located and when found, refused to speak with Plaintiffs' attorney in March 2022. Plaintiffs had a right to take Ms. Lorenz' deposition and ask her about the October 2020 letter before making any allegations and drawing conclusions concerning other details surrounding this letter.

      The defendants did not identify the names of any additional deponents and depositions that will be required to address the additional claims (Doc. No. 149, p. 16). Plaintiffs were unduly prejudiced by the defendants' willful withholding of the deleted portions of the audit trail, especially after the filing of the affidavit by Christy D. Jordan, R.N., J.D., Vice President, General Counsel (Doc. No. 103-4), but the defendants also disregard how their continued withholding of other relevant and discoverable information, such as the "Nunneman file" is unduly prejudicial to the Plaintiffs. As discussed above, the defendants refused to produce an investigative file involving Mr. Frazier, his son and Dr. Nunneman that was referenced during deposition testimony of Nancy Lorenz on April 26, 2022. The defendants cite Thurmond v. Bayer Healthcare Pharm., Inc., 649 F. App'x 1003, 1005 (11th Cir. 2016), but in this case, the plaintiff appealed "from the district court's final order granting summary judgment in favor of Defendant-Appellee Bayer Healthcare Pharmaceuticals, Inc. ("Bayer")." Thurmond v. Bayer Healthcare Pharm., Inc., 649 F. App'x 1003, 1004 (11th Cir. 2016). In the facts at bar, this Court ordered on 7/22/2022 that "the parties may continue to engage in discovery" and "Should Defendants wish to renew their motion for summary judgement, they are permitted to do so by the deadline set forth in the scheduling order" (Doc. No. 131, p. 14). Contrary to the defendants' response and brief on this issue, the Fraziers are the ones who are continuing to suffer undue prejudice in this litigation.

### B. No bad faith or dilatory motive

Contrary to what is stated in defendants' brief, the Fraziers do not seek to add claims under Title VII [likely a typo by the defendant]. Unlike the facts in <u>Shannon</u>, the Fraziers' attorney called and spoke with opposing counsel, and provided the defendants with a draft of the amended complaint on 9/26/2022 (or more than five months before the close of discovery), and after 14 days with no response from the defendants, filed their motion for leave on 10/18/2022. The defendants have not shown bad faith or dilatory motive by plaintiffs, and there is no comparison to be drawn with the facts in <u>Shannon</u>. The defendants maintain the Plaintiffs are guilty of bad faith or dilatory motive by seeking to add additional alleged discrimination causes of action to existing claims well after a deadline noted in an Order dated 6/25/2021 (Doc. No. 41) but ignore that this Court granted the Fraziers' motion for leave to amend on 12/7/2021 because the defendants indicated at a telephonic status conference with the Court on 12/1/2021 that they intended to oppose Plaintiffs' Motion and file a response, but did not respond before the time to do so had expired under the local rules (Doc No. 76). The defendants arguably have shown bad faith and dilatory motives throughout this litigation with their handling of the status of their former employee, Nancy Lorenz, after inquiry by the Fraziers during the first quarter of 2022, an ongoing refusal to produce relevant and discoverable documents after being served with proper requests by the Fraziers, and because they refused to produce withheld portions of the audit trail until ordered recently to do so by this Court (See Doc. No. 103, p. 3, Footnote 1). The defendants produced the withheld portions on August 4, 2022. Plaintiffs' experts began reviewing the withheld portions of the audit trail immediately.

### C. No repeated failure to cure deficiencies

The defendants have not identified the "repeated failure to cure deficiencies" by the Fraziers. It would be helpful to this formal exchange of good faith arguments if the defendants could point out the prior deficiencies, and then also the repeated failures to cure same; otherwise, there is nothing to discuss on this issue.

### D. No futility

Plaintiffs are seeking civil recovery for fraud, constructive fraud and other related civil claims. The third amended pleading mentions criminal statutes for context and to establish and bring to the forefront the bad faith of the defendants. As mentioned above, there has been no summary judgment and/or motions to dismiss granted in this lawsuit, which could then and only then, perhaps raise the issue of possible futility.

Respectfully submitted,

By: /s/ M. James Thomas

M. JAMES THOMAS, GA Bar No. 556162
1050 Glenbrook Way, Suite 480, #195
Hendersonville, TN 37075
mj@marcusjamesthomas.com
Telephone:   (888) 474-7450
Fax:              (877) 361-0848
*Attorney for Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing **REPLY BRIEF** this day has been served upon all parties or counsel for all parties at interest in this case by delivering a copy of said document(s) *via* electronic mail to the email address provided by counsel pursuant to LR 7.6 on the 7th day of November 2022.

Steven P. Bristol
N. Daniel Lovein
Hall Booth Smith, P.C.

3528 Darien Highway, Suite 300
Brunswick, GA 31525
(912) 554-0093 ph
(912) 554-1973 fax
Email:  dlovein@hallboothsmith.com
       sbristol@hallboothsmith.com
Attorneys for Defendants

                              <u>/s/ M. James Thomas, Esq.</u>