IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| CEDRICK FRAZIER; and TAMARA FRAZIER, | |
| Plaintiffs, | CIVIL ACTION NO.: 2:21-cv-21 |
| v. | |
| SOUTHEAST GEORGIA HEALTH SYSTEM, INC., et al., | |
| Defendants. | |

**O R D E R**

This matter is before the Court on Plaintiffs' Motion to Modify Defendants' Subpoena to Plaintiffs' Expert and for Protective Order. Doc. 152. According to Plaintiffs, the parties agreed for Plaintiffs' expert witness, Jim Stafford, to be deposed today (December 2, 2022) and Defendants served a subpoena for that deposition on November 23, 2022.[1] It appears Plaintiffs are agreeable with Stafford's deposition going forward as planned, as there is no request in the Motion related to curtailing questioning or testimony at the deposition, but Plaintiffs object to the scope of the documents requested in the subpoena and the timeline for producing those documents. Plaintiffs ask the Court to modify the subpoena and enter a protective order. For the following reasons, the Court **DENIES** Plaintiffs' Motion but will permit Plaintiffs to file a renewed motion after the completion of Stafford's deposition, if there are unresolved issues.

At base, Plaintiffs argue Defendants' subpoena improperly seeks privileged documents from Plaintiffs' expert witness and, even for non-privileged documents, the subpoena does not

---

[1] Despite having received the subpoena approximately a week ago, Plaintiffs filed the instant Motion approximately one day before the scheduled deposition.

provide adequate time for compliance. Regarding the scope of the requested documents (i.e., Plaintiffs' privilege concern), Plaintiffs represent that prior to the deposition, they agreed to produce some of the requested documents and Defendants' counsel agreed to voluntarily limit the scope of its requests. Doc. 152 at 6 (indicating Defendants' counsel agreed to limit the scope of the requested documents to the terms of the Court's prior Order on a separate motion to compel).[2] Thus, it is unclear if Defendants are even seeking any documents beyond what Plaintiffs have agreed to produce, much less privileged documents. Additionally, Plaintiffs may object to and withhold privileged information in response to Defendants' subpoena under Rule 45(e)(2). Accordingly, from the face of Plaintiffs' Motion, it is unclear if there is even a dispute about the scope of requested documents upon which the Court could rule.

Regarding the timing of production, Plaintiffs represent they were prepared to produce several categories of requested documents at the scheduled deposition, but they would need more time to produce other categories. Again, it is unclear if there is even a dispute about the timing for Plaintiffs' production of the request. First, it is unclear whether the parties can reach (or have already reached) an agreement about the scope of the requested documents, which could impact whether there are outstanding documents that need to be produced after the deposition. Second,

---

[2] In their Motion, Plaintiffs focus in large part on Defendants' alleged failure to comply the Court's September 22, 2021 Order. Doc. 152 at 2–7. But Plaintiffs have not sought any relief related to Defendants' failure to comply. Additionally, it is unclear how—if at all—Defendants' prior failure to comply with the September 22, 2021 Order would impact Plaintiffs' ability to comply with the current subpoena. To the extent Plaintiffs seek some relief based on Defendants' alleged non-compliance, Plaintiffs should make that request clearly and by separate motion.

Related to Plaintiffs' claim Defendants violated the Court's prior Order, Plaintiffs attached an exhibit to their Motion as "an example of attorney-client communication and/or information to be reviewed in camera by the Court only." Doc. 152 at 4; Doc. 152-2. Plaintiffs mailed this exhibit to the Court "under seal," doc. 152-2; however, they did not file a motion to seal in accordance with Local Rule 79.7. The Court is not addressing any non-compliance by Defendants at this time, and Plaintiffs have not complied with the Court's sealing procedures. Accordingly, the Court **DIRECTS** the Clerk of Court to return these documents to Plaintiffs under Local Rule 79.7(c).

it is unclear if Defendants object to Plaintiffs producing some of the requested documents after the deposition, particularly given the short time between service of the deposition notice and the date of the deposition.

Ultimately, it is unclear from Plaintiffs' Motion whether there is any remaining dispute about the scope of the requested documents in Stafford's subpoena or the timing for Plaintiffs to produce those requested documents. Plaintiffs also suggest the parties have not adequately conferred about these issues before bringing them to the Court. Therefore, I **DENY** Plaintiffs' Motion. Plaintiffs may renew the arguments raised in their Motion if disputes remain after the completion of the deposition. Likewise, Defendants may pursue their own motion to compel if Defendants determine there are documents that should be produced—but only after completion of the deposition and adequate conferral. As noted previously, the Court will consider any request for sanctions made in conjunction with any future discovery motions in this case.

**SO ORDERED**, this 2nd day of December, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA