IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| CEDRICK FRAZIER; and TAMARA FRAZIER, | |
| Plaintiffs, | CIVIL ACTION NO.: 2:21-cv-21 |
| v. | |
| SOUTHEAST GEORGIA HEALTH SYSTEM, INC., et al., | |
| Defendants. | |

**O R D E R**

This matter is before the Court on Plaintiffs' Rule 56(d) Motion. Doc. 200. Defendants have not yet filed a Response, but the Court does not require a Response to rule on Plaintiffs' Motion. For the following reasons, the Court **DENIES** Plaintiffs' Motion. Further, the Court **ORDERS** Plaintiffs to file a response to Defendants' partial motions for summary judgment, docs. 181, 182, within 14 days of this Order.

In the Second Amended Complaint, the operative pleading in this case, Plaintiffs allege Defendants committed professional negligence, failed to provide informed consent, committed fraud, altered some of Plaintiff C. Frazier's medical records, and fabricated some portions of Plaintiff C. Frazier's medical records. Doc. 77. Plaintiffs' allegations arise from the surgery and post-operation treatment of Plaintiff C. Frazier in January and February of 2020. Id.

Defendants have filed two motions for partial summary judgment. Docs. 181, 182. In one of these motions, Defendants argue they satisfied the legal requirements for informed consent. Doc. 181-1 at 14–25. In the other, Defendants argue Plaintiffs cannot bring claims

under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") or O.C.G.A. § 31-33-2.  Doc. 182-1 at 3–11.  Plaintiffs then filed this Motion, arguing they need additional discovery to present facts in opposition to both of Defendants' motions for partial summary judgment.  Doc. 200 at 2.  Plaintiffs ask the Court "for an order staying the response to defendants' partial motion for summary judgment until discovery is complete" under Federal Rule of Civil Procedure 56(d).  Plaintiffs also want to delay the hearing on Defendants' motions for partial summary judgment, scheduled for May 30, 2023.

Under Federal Rule of Civil Procedure 56(d), "the court may (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  A motion under this Rule "must be supported by an affidavit which sets forth with particularity the facts the moving party expects to discover and how those facts would create a genuine issue of material fact precluding summary judgment." Garner v. City of Ozark, 587 F. App'x 515, 518 (11th Cir. 2014) (citing Harbert Int'l, Inc. v. James, 157 F.3d 1271, 1280 (11th Cir. 1998)).  The moving party must do more than "'rely on vague assertions that additional discovery will produce needed, but unspecified facts,' rather the party must specifically demonstrate how delaying a ruling on the motion will enable it to rebut the movant's showing that there is no genuine issue of material fact."  Williams-Evans v. Advance Auto Parts, CV 118-148, 2019 WL 2426443, at *2 (S.D. Ga. June 7, 2019) (quoting Reflectone, Inc. v. Farrand Optical Co., 862 F.2d 841, 843–44 (11th Cir. 1989)).

"Whether to grant or deny a [Rule 56(d)] motion for discovery requires the court to balance the movant's demonstrated need for discovery against the burden such discovery will place on the opposing party."  Garner, 587 F. App'x at 518 (internal quotation marks omitted). With that burden in mind, the Eleventh Circuit Court of Appeals has held: "Summary judgment

2

is premature when a party is not provided a reasonable opportunity to discover information essential to his opposition." Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1064 (11th Cir. 2013) (citing Anderson, 477 U.S. at 250 n.5); see also WSB-TV v. Lee, 842 F.2d 1266, 1269 (11th Cir. 1988) (finding the "common denominator" of the Supreme Court's jurisprudence on summary judgment is "that [it] may only be decided upon an adequate record").

Plaintiffs fail to satisfy the requirements of Federal Rule of Civil Procedure 56(d). First, Plaintiffs filed no affidavit or declaration with their Motion. Further, even if Plaintiffs had offered their statements and arguments with a supporting affidavit or declaration, they fail to show with particularity the facts they expect to discover and how those facts would create a genuine issue of material fact. Plaintiffs say they need to take the deposition of Defendant SGHS's vice president and general counsel about "internal policies, such as the creation and maintenance of medical records on all patients." Doc. 200-1 at 3. Plaintiff also argue their "[o]utstanding [discovery] motions will show whether prior representations by the defendants during discovery were dilatory or if genuine efforts were being made to identify and later produce the requested answers and responses." Id at 4; see also Doc. 200 at 2 ("[Plaintiffs] requested permission to depose Vice President and General Counsel about several issues and references to SGHS policies, procedures and form raised in both summary judgment motions.").

Plaintiffs' statements are insufficient. Plaintiffs do not describe "with particularity the facts the moving party expects to discover and how those facts would create a genuine issue of material fact precluding summary judgment." Garner, 587 F. App'x at 518. At most, Plaintiffs describe generalized topics they intend to cover at upcoming depositions, if those depositions go forward. Perhaps more importantly, Plaintiffs fail to explain how information related to these general topics would create a genuine issue of material fact or even bear on the issues raised in

3

Defendants' motions for summary judgment.[1]  Indeed, Plaintiffs do not identify anything in particular within Defendants' motions for partial summary judgment that requires more discovery to create a genuine issue of material fact.  This is not an adequate basis for granting a Rule 56(d) request.  See NCI Grp., Inc. v. Cannon Servs., Inc., No. 1:09-CV-0441, 2011 WL 5599127, at *8 (N.D. Ga. Nov. 16, 2011) ("The affidavit of [Plaintiff's counsel] that Plaintiff files in support of its motion does not state which *facts* Plaintiff seeks to discover and how those facts will create a genuine issue of material fact precluding summary judgment." (emphasis in original)).  Instead, Plaintiffs make only vague assertions that additional discovery will produce the additional facts they need to oppose Defendants' motions.  Accordingly, the Court **DENIES** Plaintiffs' Rule 56(d) Motion.  Further, the Court **ORDERS** Plaintiffs to file a response to Defendants' partial motions for summary judgment, docs. 181, 182, within 14 days of this Order.

**SO ORDERED**, this 8th day of May, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Plaintiffs also say they need more discovery to investigate racial discrimination claims.  Doc. 200-1 at 3.  But Plaintiffs were denied leave to amend their Complaint to include any racial discrimination and retaliation claims.  Doc. 178.  Therefore, there are no such claims pending.  There is no reason to delay briefing on Defendants' motions to allow Plaintiffs to investigate claims that are not pending in the case.