# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| CEDRICK FRAZIER; and TAMARA FRAZIER, | * * * |
| Plaintiffs, | * CIVIL ACTION NO.: 2:21-cv-21 |
| v. | * * |
| SOUTHEAST GEORGIA HEALTH SYSTEM, INC., et al., | * * * |
| Defendants. | * |

**O R D E R**

Before the Court are Plaintiffs' Objections to the Magistrate Judge's March 29, 2023 Order denying Plaintiffs' third motion to amend their Complaint.[1] Dkt. No. 193 (objecting to Dkt. No. 178).

---

[1] Plaintiffs title their filing a "Motion for Reconsideration" and occasionally cite Federal Rule of Civil Procedure 60(b). Dkt. No. 193 at 14. However, Rule 60(b) provides relief from "final" orders. An order ruling on a motion to amend is not "final." See Grier v. Florida, 279 F. App'x 934, 934 (11th Cir. 2008) (quoting Pitney Bowes, Inc. v. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983) ("A final decision is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.")). Furthermore, Plaintiffs devote much of their briefing to the standard applicable to objections to rulings by magistrate judges on non-dispositive matters and cite Federal Rule of Civil Procedure 72(a). See, e.g., Dkt. No. 193 at 2 ("These are objections that are clearly erroneous and contrary to law."). Accordingly, I construe Plaintiffs' filing as Objections under Rule 72(a).

When considering a party's objections to a magistrate judge's ruling on a non-dispositive matter, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Otherwise, the magistrate judge's ruling stands. "A ruling is clearly erroneous where either the magistrate judge abused his discretion or the district court, after reviewing the entirety of the record, is left with a definite and firm conviction that a mistake has been made." Jackson v. Deen, No. 4:12-CV-139, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013) (citing Pigott v. Sanibel Dev., LLC, No. CIVA 07-0083, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008)). A decision by the magistrate judge is contrary to law when it "fails to follow or misapplies the applicable law." Id. (citations omitted).

Plaintiffs question the Magistrate Judge's authority to rule on their third motion to amend in the first place. Dkt. No. 193 at 15 ("The U.S. Magistrate's Order was dispositive on claims the Fraziers seek to add; therefore, it is unclear whether [Rule 72] is the operative rule in this instance."). However, the Eleventh Circuit Court of Appeals has indicated a motion to amend is a non-dispositive pretrial motion, and a district judge may properly designate a magistrate judge to rule on such a motion. Austin v. Glynn County, No. 2:20-CV-73, 2020 WL 7081531, at *2 (S.D. Ga. Dec. 3, 2020) (collecting cases).

2

It was well within the Magistrate Judge's authority to rule on Plaintiffs' third motion to amend, and the ruling is correctly treated as a ruling on a non-dispositive pretrial motion.

Plaintiffs also argue the Magistrate Judge wrongfully applied Sosa v. Airprint Systems, Inc., 133 F.3d 1417 (11th Cir. 1998), because Sosa is factually distinguishable from this case. Dkt. No. 193 at 2, 15–16. Plaintiffs express confusion about whether the Magistrate Judge applied "a futility analysis under Rule 15 or 'good cause'" when addressing Plaintiffs' claims. Id. at 19. These arguments fail to demonstrate the Magistrate Judge's ruling is clearly erroneous or contrary to law.

Sosa describes the general application of Federal Rules of Civil Procedure 15 and 16 in all cases where a motion to amend is filed after the deadline to amend has passed, as in this case. Sosa explains courts should consider the Rule 16(b) good cause standard together with Rule 15 because the "good cause standard [under Rule 16] precludes modification unless the [scheduling order] cannot 'be met despite the diligence of the party seeking the extension.'" 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16(b) advisory committee's note to the 1983 amendment). The Magistrate Judge's Order denying Plaintiffs' motion to amend is clear: "Plaintiffs fail to show good cause for amending their Complaint" under Rule 16. Dkt. No. 178 at

3

11.  The Magistrate Judge's application of Sosa and Rule 16 was not clearly erroneous or contrary to law.

Plaintiffs say the Magistrate Judge misconstrued or misunderstood their proposed amendments related to racial discrimination and retaliation, arguing "[t]he Court's Order attempts to limit the Fraziers' complaint of racial discrimination to a single incident."  Dkt. No. 193 at 13.  However, the Magistrate Judge construed Plaintiffs' proposed Third Amended Complaint to allege a broad pattern of racial discrimination and retaliation, including allegations of wrongdoing during this litigation, arising in part from an interaction between a non-party Southeast Georgia Health System ("SGHS") employee, Dr. Rudolph Nunneman, Plaintiff C. Frazier, and his son A. Frazier.  As described in the Order denying Plaintiffs' motion to amend, "Plaintiffs' proposed claims of intentional discrimination, retaliation, and infliction of emotional distress rely, in part, on Defendants SGHS's respondeat superior liability for Dr. Nunnenam's actions, SGHS's subsequent failure to investigate Dr. Nunneman, and Defendants' wrongful treatment of Plaintiffs in retaliation for filing a racial discrimination complaint."  Dkt. No. 178 at 3.  The Magistrate Judge did not misconstrue Plaintiffs' proposed Third Amended Complaint to limit their racial discrimination claims to a single incident.  In any event, the Magistrate Judge's

4

construction of Plaintiffs' proposed Third Amended Complaint had little or no bearing on the ruling on Plaintiffs' third motion to amend.

Plaintiffs recount some of the evidence the Magistrate Judge considered in ruling on their third motion to amend, but they fail to show any error. For example, Plaintiffs cite depositions of SGHS employees and discovery responses Defendants served in 2022. Dkt. No. 193 at 7-8, 17-18. The Magistrate Judge plainly considered this evidence and found Plaintiffs failed to show "why it took them 8 to 12 months to obtain this evidence or why it took several more months after obtaining the information to seek leave to amend." Dkt. No. 178 at 10. In their objections, Plaintiffs still do not explain the delay and they fail to show any error in the Magistrate Judge's determination.

Plaintiffs cite other pieces of evidence for the first time in their Objections. For example, Plaintiffs cite depositions of Defendant Stevenson, dkt. no. 193 at 5-6, and Amy Williamson, id. at 7-8, and various medical records, id. at 9. Plaintiffs explain most of this evidence was in their possession at the time of their third motion to amend, but they made no mention of it in the motion. It is too late to bring arguments based on this evidence for the first time in Objections. See Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009). Additionally,

5

none of this evidence, even if it were properly before the Court, would require a different ruling on Plaintiffs' third motion to amend.

Finally, Plaintiffs cite various examples of their purported diligence at other times during this litigation. Plaintiffs state that during a phone conference with the Magistrate Judge early in the case, they "specifically requested a later deadline for amending the complaint knowing the current deadline was unrealistic," but the Magistrate Judge denied their request.[2]  Dkt. No. at 2.  Plaintiffs list several times they showed good cause for amending other deadlines in the Scheduling Order, suggesting this shows diligence.  Id. at 9–10.  Plaintiffs argue the number of docket entries in this case also tends to show diligence.  Id. at 10.  None of these arguments is convincing.  The frequency with which Plaintiffs have filed

---

[2]    Plaintiffs request a "copy of audio recording of the 26(f) conference on May 26, 2021."  Dkt. No. 193 at 1.  May 26, 2021 is the date the parties held their Rule 26 conference, without Court involvement.  Presumably, Plaintiffs are referring to the scheduling conference with the Court on June 24, 2021.  Dkt. No. 42.  Plaintiffs may request transcripts of the conference under Local Rule 83.32, but they will not be provided with audio recordings of that conference.  Additionally, the Court reviewed the June 24, 2021 audio recording in preparing this Order, and nothing said during that conference supports Plaintiffs' Objections.  At most, remarks during that conference show Plaintiffs contemplated amending their Complaint early in the litigation, but there was no specific basis for doing so at that time, and, therefore, the Magistrate Judge declined to provide a lengthy period of time for amendments to the Complaint.  Even so, Plaintiffs were permitted to amend their Complaint after the June 24, 2021 conference and after the initial deadline for amendments.  Dkt. No. 76.

6

documents or requested other extensions does not necessarily show diligence in pursuing the evidence upon which their proposed Third Amended Complaint is based. Quantity sometimes pairs with quality, but the link is never a given. Regardless, these arguments were not before the Magistrate Judge when he ruled on Plaintiffs' third motion to amend. Thus, Plaintiffs fail to demonstrate error in the Court's ruling.[3]

Accordingly, the Court finds Plaintiffs' Objections without merit. The Magistrate Judge's ruling denying Plaintiffs' third motion to amend is not clearly erroneous or contrary to law. Therefore, the Court **OVERRULES** Plaintiffs' Objections, and the Magistrate Judge's March 29, 2023 Order remains the Order of this Court.

**SO ORDERED**, this 11th day of May, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] Plaintiffs also point out a scrivener's error in the Order denying their motion to amend, where the Magistrate Judge misstated the date of Plaintiffs' First Amended Complaint as the date of Plaintiffs' Second Amended Complaint. Dkt. No. 193 at 1–2. This mistake was made in passing, in a paragraph describing Plaintiffs' positions, and it had no apparent impact on the Magistrate Judge's ruling. The correct dates are noted elsewhere in the Order. To the extent this was an error at all, it played no role in the Magistrate Judge's analysis, and does not impugn the solid conclusion reached by him.

7

AO 72A
(Rev. 8/82)