IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| CEDRICK FRAZIER; and TAMARA FRAZIER, | |
| Plaintiffs, | CIVIL ACTION NO.: 2:21-cv-21 |
| v. | |
| SOUTHEAST GEORGIA HEALTH SYSTEM, INC., et al., | |
| Defendants. | |

**O R D E R**

This matter is before the Court on Plaintiffs' Motion to Compel Discovery. Doc. 158. Defendants filed a Response in Opposition. Doc. 164. Plaintiffs filed a Reply. Doc. 173. For the following reasons, I **DENY** Plaintiffs' Motion.

**BACKGROUND**

In the Second Amended Complaint, the operative pleading in this case, Plaintiffs allege Defendants committed professional negligence and fraud, failed to provide informed consent, altered some of Plaintiff C. Frazier's medical records, and fabricated some portions of Plaintiff C. Frazier's medical records. Doc. 77. These claims arise from a surgery and post-operation treatment of Plaintiff C. Frazier in January and February of 2020.

Relevant to the instant Motion, Plaintiffs asked for leave to amend their Complaint a third time, seeking to add claims for breach of fiduciary duty, assisting and furthering fraud, infliction of emotional distress, and race-based discrimination and retaliation. Doc. 146. In their proposed Third Amended Complaint, Plaintiffs alleged Defendants retaliated against Plaintiffs for filing a

racial discrimination complaint against one of Defendant Southeast Georgia Health System's (SGHS's) physicians, Dr. Nunneman.  Id.  The "Nunneman incident" occurred in August 2020, after Defendant Dr. Stevenson performed surgery on and treated Plaintiff C. Frazier, but before Plaintiffs initiated this lawsuit on February 25, 2021.  Id.  The Court denied Plaintiffs' third request to amend.  Doc. 178.  Therefore, claims related to Dr. Nunneman and the "Nunneman incident" are not part of this case.

Discovery in this case has been contentious and protracted.  The parties have been engaged in discovery for nearly two years, since at least June of 2021.  See Doc. 41.  The Court has extended the discovery deadlines at the parties' requests five times.  See Docs. 57, 74, 94, 113, 141.  The parties have frequently brought discovery disputes to the Court, filing at least 15 discovery-related motions, including motions to compel, motions to quash subpoenas, motions to modify subpoenas, motions for protective orders, and motions for clarification of previous discovery orders.  See Docs. 53, 55, 61, 63, 95, 101, 133, 135, 143, 152, 154, 156, 159, 166, 177.

Plaintiffs now bring another motion to compel, asking the Court to order:

1. The deposition of Defendant SGHS's general counsel, Christy Jordan;

2. Production of the personnel files of three SGHS employees: Christy Jordan, Melissa Purvis, and Ashley Foster;

3. Production of documents related to the internal investigation of Dr. Rudolf Nunneman;[1] and

4. Attorney's fees for the motion to compel.

---

[1] Because Plaintiffs have no pending claims related to the Nunneman incident, the Court **DENIES** the portion of Plaintiffs' Motion to Compel concerning the production of the Nunneman investigation and related documents.

Doc. 158 at 23.  Defendants oppose Plaintiffs' motion to compel, arguing Plaintiffs seek discovery that is privileged, protected, and not proportional to the needs of the case, and argue the requests are overly broad, unduly burdensome, and harassing.  Doc. 164 at 1–2.

## DISCUSSION

The discovery requested in Plaintiffs' motion concerns the actions of three SGHS employees who worked on this litigation well after Plaintiffs filed their Complaint.  Plaintiffs' claims arise from the following events: (1) a surgery that Defendant Dr. Stevenson performed on Plaintiff C. Frazier on January 28, 2020; (2) an examination on February 25, 2020, during which Stevenson allegedly extracted surgical packing from C. Frazier's nasal cavity; and (3) Stevenson's creation of an allegedly false or fabricated medical record on April 10, 2020.  Doc. 77.  Plaintiffs filed their initial Complaint on January 25, 2021.  Doc. 1.  Plaintiffs amended their Complaint on December 7, 2021, adding the medical-records claims based in part on an electronic medical records audit trail Defendants produced during discovery.  Docs. 70, 77.  Plaintiffs now request a deposition and personnel records to discover more information about SGHS employees Christy Jordan, Melissa Purvis, and Ashley Foster because of these individuals' involvement in this litigation after Plaintiffs filed suit.  There is no indication any of these three individual employees were involved in the conduct that gives rise to Plaintiffs' pending claims.

### I. Deposition of Christy Jordan

Plaintiffs argue they should be allowed to depose Christy Jordan about non-privileged matters.  Doc. 158 at 8.  Jordan is SHGS's general counsel.  Plaintiffs acknowledge this fact, but note she was also SGHS's Chief Operations Officer at the time of C. Frazier's surgery and currently serves in other roles, beyond that of general counsel, including vice president.  Id. at 7–

3

8.  Plaintiffs intend to ask Jordan about several topics: SGHS's HIPAA policies and procedures; an investigation file related to Dr. Nunneman; some unspecified documents she signed; her access of C. Frazier's electronic medical record; and her role in opposing Plaintiffs' earlier motion to compel the complete audit trail of C. Frazier's electronic medical record.  Id. at 7–10.

Defendants argue Plaintiffs should not be allowed to depose Jordan because she is an attorney with involvement in the litigation.  Doc. 164 at 7–8.  Defendants are concerned about SGHS's general counsel disclosing privileged information because, during a phone call between the parties' counsel, Plaintiffs' counsel said the topics for the proposed Jordan deposition would be "wide open."  Id. at 7.  Defendants also argue, Plaintiff have failed to "established that no other means exist to obtain the information" and Plaintiffs have not attempted "to submit additional interrogatories as to particular issues."  Id. at 8.

Defendants urge the Court to apply the three-part test established in Shelton v. Am. Motors Corp., 805 F.2d 1323 (8th Cir. 1986), to determine whether Plaintiffs should be allowed to depose Jordan.  Doc. 164 at 8.  However, this test has not been adopted by the Eleventh Circuit, and it is typically used to evaluate deposition requests for attorneys representing parties in litigation, not for in-house general counsel.  See, e.g., Gaddy v. Terex Corp., No. 1:14-CV-1928, 2015 WL 13545486, at *2 (N.D. Ga. Oct. 28, 2015) (noting "several courts have held that Shelton does not apply to non-litigation counsel" and collecting cases).  In this Circuit, courts vary in the standards they apply to requests to depose in-house, non-litigation counsel attorneys.  Some courts use the Shelton test, limiting attorney depositions to situations where (1) there are no other means to get the information sought; (2) the attorney actually possesses relevant and non-privileged information; and (3) the information sought is crucial to the preparation of the case.  See, e.g., McDill v. Bd. of Pardons & Paroles, No. 2:18-CV-597, 2021 WL 6883424 (M.D.

4

Ala. June 24, 2021); Stull v. Suntrust Bank, No. 09-82302-CIV, 2011 WL 13224911 (S.D. Fla. Jan. 20, 2011). Some courts apply a "weighing and balancing" approach, evaluating the would-be deposing party's need for the information sought against the opposing party's interests in its attorney-client relationship. See Bank of Am., N.A. v. Ga. Farm Bureau Mut. Ins. Co., No. 3:12-CV-155, 2014 WL 4851853, at *3 (M.D. Ga. Sept. 29, 2014); Gaddy, 2015 WL 13545486, at *2.

Both Shelton and the weighing and balancing approach consider the need for the information sought. Plaintiffs have not shown any need to depose Jordan. The topics Plaintiffs want to question Jordan about largely—if not exclusively—concern Jordan's work with Plaintiff C. Frazier's electronic medical record after Plaintiffs filed suit. Jordan submitted an affidavit in a discovery dispute between the parties, opposing Plaintiffs' motion to compel unredacted (i.e., complete) audit trail information from Plaintiff C. Frazier's electronic medical record. Doc. 103-4. In the affidavit, Jordan said she and others, including SGHS employees Melissa Purvis and Ashley Foster, accessed C. Frazier's electronic medical record on March 30, 2021 and May 6, 2021 "for reasons including attorney work product, materials prepared for use in litigation." Id. at 2. Jordan explained she "did not add to, delete, or otherwise modify the medical records in any way" and states she "merely viewed them." Id. The Court granted Plaintiffs' motion to compel the complete audit trail. Doc. 110. The complete audit trail showed Jordan had accessed C. Frazier's electronic medical record on March 30, 2021 and May 6, 2021, as she stated in her affidavit. Plaintiffs now want Jordan to answer questions about her access to the electronic medical record at a deposition, and to explain why she opposed the production of the audit trail on privilege grounds. Doc. 158 at 9–10 ("[Plaintiffs] want to ask what she meant by these statements in her affidavit.").

The facts surrounding Jordan's work with the electronic medical record are not facts at issue in this litigation. Plaintiffs allege Defendant Dr. Stevenson—not Jordan—fabricated Plaintiff C. Frazier's medical record. In the earlier discovery dispute, the Court rejected Jordan's assertion of privilege and Plaintiffs prevailed. There is nothing showing Jordan participated in any fraud or fabrication. The discovery dispute has been resolved. There is no indication Defendants' privilege arguments were made in bad faith. Plaintiffs have not shown their proposed line of questioning about the electronic medical record, the audit trail, or the related motion to compel is needed to discover any information relevant to Plaintiffs' pending claims.

The other topics Plaintiffs intend to ask Jordan about are also irrelevant, and there is no indication Jordan would be uniquely situated to address the topics. In other words, Plaintiffs have not shown it is necessary to depose Jordan on the other topics and have not shown they could not obtain the information through other means. Plaintiffs want to question Jordan about "policies and procedures," "institutional knowledge," and "HIPAA related questions." Doc. 158 at 24. Plaintiffs have not shown Jordan has unique, non-repetitive firsthand knowledge of these broad topics. Such information is just as easily obtained from a Rule 30(b)(6) witness, interrogatories, or requests for production. Plaintiffs also seek to depose Jordan about the "Nunneman investigation file," doc. 158 at 8, but Plaintiffs were not permitted to amend to add the claims regarding Dr. Nunneman.

Because Plaintiffs have not shown a need to depose Christy Jordan, the Court **DENIES** the portion of Plaintiffs' Motion to Compel seeking to conduct the deposition of Jordan.

II.   **Personnel Records**

Plaintiffs ask the Court to order Defendants to produce personnel records of three SGHS employees: Christy Jordan; Melissa Purvis; and Ashley Foster. As explained above, Christy

Jordan is SGHS's general counsel and vice president. Melissa Purvis is a registered nurse and SGHS's Director of Risk Management. Ashley Foster is a registered nurse and an SGHS risk analyst. Plaintiffs say they need these employees' personnel files to prepare for the deposition of Christy Jordan. Doc. 158 at 12. As explained above, Plaintiffs have not made the necessary showing to depose Jordan so this reason can no longer serve as the basis for the request.

Plaintiffs also argue these employees have been involved in this litigation since Plaintiffs filed suit, and, therefore, Defendants should be required to produce the records. Plaintiffs state the audit trail logs show these employees accessed Plaintiff C. Frazier's electronic medical record in March and May 2021, and this fact supports their requests for the employees' personnel files. Plaintiffs do not allege these employees directly added to, deleted, or modified the medical records themselves, only that they accessed the records after suit was filed. Plaintiffs also point out that Purvis verified several of Defendants' interrogatories and document production responses. Id. at 15.

Defendants argue the personnel files are not relevant and not proportional to the needs of the case. Doc. 164 at 10. Defendants contend each personnel file "contains privileged information regarding care and treatment provided to other patients or that is irrelevant and otherwise potentially embarrassing or concerning to the employee or former employee." Id.

"In the context of discovering an employee's personnel file, courts in the Eleventh Circuit and elsewhere have 'recognized a heightened standard of relevance for discovery of information contained in personnel files.'" Oakwood Ins. Co. v. N. Am. Risk Servs., Inc., No. 618CV437ORL31, 2020 WL 10456804, at *2 (M.D. Fla. June 24, 2020) (quoting Hatfield v. A+ Nursetemps, Inc., No. 5:11-CV-416-OC-10, 2012 WL 1326120, at *4 (M.D. Fla. Apr. 17, 2012) and Sanchez v. Cardon Healthcare Network, LLC, No. 3:12-CV-902-J-34, 2013 WL 2352142, at

\*2 (M.D. Fla. May 29, 2013)).  "The files are only discoverable if '(1) the material sought is clearly relevant and (2) the need for discovery is compelling because the information sought is not otherwise readily obtainable.'"  W&C Real Est., LLC v. Amguard Ins. Co., No. 1:16-CV-62, 2017 WL 8777468, at \*2 (M.D. Ga. Mar. 21, 2017) (quoting Coker v. Duke & Co., 177 F.R.D. 682, 685 (M.D. Ala. 1998)).  Personnel files are clearly relevant only when the associated employee had "more than incidental or minimal involvement" in the claims at issue.  Maharaj v. GEICO Cas. Co., 289 F.R.D. 666, 673 (S.D. Fla. 2013), aff'd, No. 12-80582-CIV, 2013 WL 1934075 (S.D. Fla. Apr. 5, 2013); O'Connor v. GEICO Indem. Co., No. 8:17-CV-1539-T-27, 2018 WL 1409750, at \*6 (M.D. Fla. Mar. 21, 2018) (limiting production of personnel files to those of employees "who had more than minimal involvement with Plaintiffs' claim").

Defendants' relevance objections are valid, especially considering the heightened standard for obtaining personnel records.  First, there is no indication Jordan, Purvis, or Foster participated in any of the alleged professional negligence or fabrication of medical records underlying Plaintiffs' claims.  Instead, Plaintiffs have only shown that Jordan, Purvis, and Foster worked on on this litigation after the facts underlying Plaintiffs' claims occurred.  Plaintiffs want to examine Foster's file to explore whether she was trained to identify fraudulent medical records.  Id. at 20.  But Foster's conduct is not at issue in this case, and Plaintiffs fail to explain how such training would have any bearing on their claims in this case.

Plaintiffs also argue they are entitled to Purvis's personnel file so they can determine whether she has personal knowledge as to the facts of the case, given her verification of some of Defendant SGHS's discovery responses and her attendance at Plaintiffs' depositions.  Doc. 158 at 15–17.  Plaintiffs say Purvis "may have knowledge of the facts dating back" to Plaintiff C. Frazier's surgery.  However, Plaintiffs do not explain how anything in Purvis's personnel file

8

would be relevant to those facts. Just because someone is a fact witness does not necessarily mean their personnel file contains relevant information. Instead, Plaintiffs' request appears to be a fishing expedition, even under a general, non-heightened standard of relevance.

Plaintiffs have not established the heightened degree of relevance necessary to compel production of the personnel files. Further, information about the extent of these employees' knowledge of relevant facts is more readily obtained from other sources. Defendants raised a valid relevance objection to Plaintiffs' discovery request, and, therefore, the Court **DENIES** the portion of Plaintiffs' Motion to Compel seeking the production the personnel files of Christy Jordan, Melissa Purvis, and Ashley Foster.

### III. Attorney's Fees

Plaintiffs ask the Court to impose sanctions and award attorney's fees for this Motion to Compel. Doc. 158 at 21–22. The Court has previously stated it will likely award costs and fees to the prevailing party on any discovery disputes brought before the Court by motion. See Doc. 140. However, Plaintiffs have not prevailed here, so the Court **DENIES** their request for attorney's fees. Plaintiffs contend Defendants are presently acting together with Christy Jordan, Melissa Purvis, Ashley Foster, and other witnesses "to further a fabricated and falsified encounter between Dr. Stevenson and Mr. Frazier." Doc. 158 at 22. Plaintiffs assert C. Frazier's medical record "has not been corrected to date" and this is "a continuing and ongoing falsification." Id. at 23. However, Defendants have denied Plaintiffs' fraud and fabrication claims. Whether C. Frazier's medical record legally requires correction is a disputed matter. Accordingly, Plaintiffs fail to show any basis for the award of fees or for the imposition of any other sanctions.

## CONCLUSION

For these reasons, I **DENY** Plaintiffs' Motion to Compel Discovery.

**SO ORDERED**, this 21st day of June, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA