IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| CEDRICK FRAZIER; and TAMARA FRAZIER, | |
| Plaintiffs, | CIVIL ACTION NO.: 2:21-cv-21 |
| v. | |
| SOUTHEAST GEORGIA HEALTH SYSTEM, INC., et al., | |
| Defendants. | |

**O R D E R**

This matter is before the Court on Plaintiffs' Motion to Compel Discovery. Doc. 177. Defendants filed a Response in opposition. Doc. 180. Plaintiffs filed a Reply. Doc. 195. Defendants filed a Surreply. Doc. 209. For the reasons set forth below, the Court **DENIES** Plaintiffs' Motion.

BACKGROUND

In the Second Amended Complaint, the operative pleading in this case, Plaintiffs allege Defendants committed professional negligence and fraud, failed to obtain informed consent, altered some of Plaintiff C. Frazier's medical records, and fabricated some portions of Plaintiff C. Frazier's medical records. Doc. 77. These claims arise from a surgery and post-surgery treatment of Plaintiff C. Frazier in January and February of 2020. Id. The parties have been engaged in discovery for nearly two years, since at least June of 2021. See Doc. 41. The Court has extended the discovery deadlines at the parties' requests five times. See Docs. 57, 74, 94, 113, 141. The parties have frequently brought their discovery disputes to the Court during the

course of this litigation, filing no fewer than 15 discovery-related motions, including motions to compel, motions to quash subpoenas, motions to modify subpoenas, motions for protective orders, and motions for clarification of previous discovery Orders.  See Docs. 53, 55, 61, 63, 95, 101, 133, 135, 143, 152, 154, 156, 158, 159, 166.

Plaintiffs filed the instant motion to compel, asking the Court to order Defendants to produce various documents related to Defendant Dr. Stevenson's prior surgeries and other records purportedly kept by Defendant Southeast Georgia Health System, Inc. ("SGHS").  Plaintiffs asked Defendants for these documents in requests for production, but Defendants refused to produce them, asserting various objections.  Doc. 177 at 4–5, 7–8, 12–15.  Specifically, Plaintiffs ask the Court to order Defendants to produce:

1. Records of the previous 10 "septoplasty/septoplasty, submucosal resection of the inferior turbinates and outfracturing of turbinates" performed by Defendant Dr. Stevenson, excluding any informed consent for procedure forms;

2. Records of a 2016 septoplasty and turbinate reduction surgery performed by Defendant Dr. Stevenson on Amy Williamson, who is an SGHS employee and witness, to include forms related to her informed consent;

3. Sign-in sheets from Defendant SGHS's Southeast Georgia Physician Associates-Ear, Nose, and Throat office (SGPA-ENT) bearing Plaintiffs' signature on certain days;

4. A sample "face sheet" described by witness Amy Williamson during her deposition, used by SGPA-ENT staff to collect certain patient information;

5. An official roster or register of SGHS employees with the last name "Vaughn" employed between December 7, 2020 and February 21, 2021; and

6. Copies of documentation sent to and received from "The Joint Commission" from January 1, 2021 to present.

Id. at 16–17.  Defendants assert several reasons why they should not be required to produce these documents.  Doc. 180.

2

## DISCUSSION

### I. Legal Standard

The Federal Rules of Civil Procedure "strongly favor full discovery whenever possible." Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). However, "discovery is not unlimited, and it cannot be used to obtain information that is 'unreasonably cumulative or duplicative[.]'" Plumbers Local. No. 150 Health & Welfare Fund v. Muns Welding & Mech., No. CV 106-158, 2007 WL 9711139, at *1 (S.D. Ga. July 23, 2007) (quoting Fed. R. Civ. P. 26(b)(2)). Further, "the Court obviously cannot compel production of documents that do not exist" and "is generally entitled to rely on representations made in discovery requests and responses." Hunter v. Corr. Corp. of Am., No. CV 314-035, 2015 WL 5042245, at *2 (S.D. Ga. Aug. 26, 2015).

"On a motion to compel discovery, the moving party has the burden of showing the information is relevant." Haley v. Delta Airlines, Inc., No. 1:21-CV-01076, 2023 WL 2125995, at *2 (N.D. Ga. Jan. 20, 2023) (citing Mann v. Se. Railcar, Inc., No. 1:17-CV-176, 2018 WL 11374881, at *5 (M.D. Ga. Oct. 26, 2018)); see also SCCI, Inc. v. Russell, No. 5:20-CV-348, 2021 WL 616050, at *2 (M.D. Fla. Feb. 17, 2021) (quoting Douglas v. Kohl's Dep't Stores, Inc., No. 615CV1185, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016) ("In a motion to compel, the moving party 'bears the initial burden of proving that the information sought is relevant.'"). "Where the discovery sought is relevant on its face, the party resisting discovery has the burden to support its objection." Scruggs v. Int'l Paper Co., 278 F.R.D. 698, 701 (S.D. Ga. 2012) (quoting McDonald v. Kellogg Co., No. 08-2473, 2011 WL 484191, at *2 (D. Kan. Feb. 7,

3

2011)).  The party resisting discovery has the burden of showing a request for relevant information is unreasonable or otherwise unduly burdensome.  Jacquelyn v. Macy's Retail Holdings, Inc., No. CV416-052, 2016 WL 6246798, at *1 (S.D. Ga. Oct. 24, 2016).

**II.    Analysis**

Plaintiffs ask the Court to order the production of several different items, which Plaintiffs requested in various discovery requests served on Defendants.  Each category of items is analyzed below.

**A.    Plaintiffs' Request for Records of 10 Previous Surgeries Is Untimely**

Plaintiffs ask the Court to order the production of records of 10 previous similar surgeries performed by Defendant Dr. Stevenson.  Defendants argue this portion of Plaintiff's Motion to Compel is untimely.  Defendants explain that over 18 months elapsed between Defendants' response to Plaintiffs' request for these records and when Plaintiffs first presented the issue to the Court.  Doc. 180 at 8.  Defendants argue this delay demonstrates a lack of diligence on Plaintiffs' part.[1]

Based on the record before the Court, Plaintiffs' request for the Court to compel Defendants to produce the 10 previous surgery records is untimely.  Defendants responded to Plaintiffs' request for production of these records with objections on June 28, 2021, citing patient

---

[1]    Defendants also argue Plaintiffs waived the ability to request these records by failing to make the request in their earlier motion to compel.  Defendants point out Plaintiffs filed a motion to compel on January 23, 2023 (which also asked for the 10 previous surgery records), but that motion was denied for lack of compliance with the Local Rules.  The Court ordered Plaintiffs to file a compliant motion within seven days.  Plaintiffs renewed their motion to compel but omitted the request for the 10 previous surgery records.  See Doc. 158.  Then, more than a month later, Plaintiffs filed another motion to compel (the instant motion) again asking for the 10 previous surgery records.  Defendants argue Plaintiffs' failure to make this request in the renewed motion to compel constitutes a waiver of the argument.  Because I find Plaintiffs' request for the Court to order Defendants to produce the 10 previous surgery records is untimely, even if it had been appropriately raised in the January 23, 2023 motion to compel, I decline to address Defendants' additional waiver argument.  Though, this likely constitutes an additional reason for denying this portion of Plaintiffs' motion to compel.

4

privacy concerns. Doc. 177 at 4–5. Plaintiffs responded to Defendants' objections in a letter dated July 6, 2021. Id. at 5. Defendants replied in a letter dated July 12, 2021, still refusing to produce the records. Doc. 180-2. Apparently, Plaintiffs did nothing else to pursue these records for 18 months, when they filed their first non-compliant motion to compel on January 23, 2023. Plaintiffs do not explain the delay. Doc. 195 at 2–3.

"While there is no local or federal rule setting a precise deadline for the filing of a motion to compel, it is clear that any such motion must be filed within a 'reasonable' time period." Coleman v. Starbucks, No. 6:14-CV-527, 2015 WL 2449585, at *8 (M.D. Fla. May 22, 2015) (quoting Hoai Thanh v. Hien T. Ngo, No. CIV. 11-1992, 2013 WL 1976009, at *1 (D. Md. May 10, 2013); see also Goers v. L.A. Entm't Grp., Inc., No. 2:15-CV-412, 2017 WL 2578649, at *3 (M.D. Fla. June 14, 2017) ("By virtue of failing to address a discovery violation when the movant first learns of the issue, a party risks waiving the issue.") (citing United States v. Stinson, No. 6:14-cv-1534, 2016 WL 8488241, at *5 (M.D. Fla. Nov. 22, 2016)). Plaintiffs' 18-month delay between Defendants objecting to a request for production and Plaintiffs bringing their motion to compel is unreasonable. Accordingly, the Court **DENIES** Plaintiffs' request for records of the 10 previous surgeries performed by Defendant Dr. Stevenson.

### B. Plaintiffs Cannot Obtain Amy Williamson's Medical Records Because She Did Not Waive Her Medical Records Privilege

Amy Williamson is an SGHS employee who works in Defendant Dr. Stevenson's office. Doc. 195 at 1–2. Plaintiffs state Ms. Williamson accepted a payment from them at Dr. Stevenson's office on February 6, 2020. Doc. 177 at 11. The events of that day are in controversy. Dr. Stevenson made a record of a morning examination of Plaintiff C. Frazier, but Plaintiffs insist they came to Dr. Stevenson's office that afternoon only to pick up some paperwork. Plaintiffs took Ms. Williamson's deposition on July 22, 2022. Id. at 8. During Ms.

Williamson's deposition, counsel for Defendants questioned Ms. Williamson about a surgery Dr. Stevenson performed on her. Doc. 177-4. Ms. Williamson explained Dr. Stevenson performed a septoplasty and turbinate reductions on her in September 2016. Id. at 1. This is the same procedure Dr. Stevenson performed on C. Frazier in January 2020. Doc. 177 at 9.

After Ms. Williamson's deposition, Plaintiffs asked Defendants to produce "the complete surgery records, signed/executed forms for procedure and anesthesia, etc., operative report and follow-up visit records of Amy Williamson's septoplasty and turbinate reduction procedure performed in September 2016 . . . ." Doc. 177 at 7. Defendants refused, objecting on the grounds of relevance, proportionality, privacy, and privilege. Id. at 7–8.

Plaintiffs now ask the Court to compel the production of Ms. Williamson's surgery records. Plaintiffs appear to concede the requested records are privileged medical records but argue Ms. Williamson "placed her care and treatment at issue during her deposition on 7/22/2022," waiving her medical records privilege under Georgia law. Id. at 8. Defendants argue Ms. Williamson has not waived her right to privacy in her medical records because she is not a litigant in this case. Doc. 180 at 9–10; Doc 209 at 7–8.

In a diversity suit such as this one, "state law governs the privileged nature of materials sought in discovery." McDonald v. H & S Homes, LLC, No. CIV.A.5:08-CV-298, 2009 WL 4251174, at *3 (M.D. Ga. Nov. 23, 2009) (quoting In re Fink, 876 F.2d 84, 85 (11th Cir. 1989)). "Georgia law provides a plaintiff's substantive right to medical privacy, which may only be waived to 'the extent such information is relevant to the medical condition the [patient] has placed in issue in the legal proceeding.'" Enenmuo v. Hildreth, No. 1:19-CV-03400, 2020 WL 13528573, at *2 (N.D. Ga. June 24, 2020) (quoting Baker v. Wellstar Health Sys., Inc., 703 S.E.2d 601, 604 (Ga. 2010)). See also O.C.G.A. § 24-12-1(a) ("[T]he [medical information

6

privilege] shall be waived to the extent the patient places his or her care and treatment or the nature and extent of his or her injuries at issue in any judicial proceeding.").

Plaintiffs have not shown Ms. Williamson has waived her medical records privilege. Ms. Williamson did not place her medical condition, her care and treatment, or the nature and extent of her injuries at issue in this case. To the extent Ms. Williamson revealed the fact Dr. Stevenson treated her in 2016, she did not reveal any privileged information, so her testimony cannot be construed as a waiver. Cf. Cooksey v. Landry, 761 S.E.2d 61, 64 n.5 (Ga. 2014) ("[T]he fact of [psychiatric] treatment and the dates on which treatment was rendered are not privileged."). Regardless of whether Ms. Williamson's surgery is even relevant, she did not waive her right to privacy in the records of that surgery, so her medical provider (Defendants) cannot be compelled to release her medical records. Accordingly, the Court **DENIES** Plaintiffs' request for records of a 2016 septoplasty and turbinate reduction surgery performed by Defendant Dr. Stevenson on Amy Williamson.

    **C.**    **Plaintiffs Have Not Shown the Requested Sign-In Sheets and Employee Roster Exist, and, Therefore, There Is No Basis for Ordering Defendants to Produce the Documents**

Plaintiffs ask the Court to order Defendants to produce "sign-in sheets" from Dr. Stevenson's office from five different dates in 2020. Doc. 177 at 12–13. Defendants assert the sign-in sheets do not exist. Doc. 180 at 8. Plaintiffs also request "a copy of the official roster/register of SGHS employees with last name 'Vaughn.'" Id. at 14. Defendants state they have already produced a report responsive to the request for an employee roster, and that no official roster or register exists. In response, Plaintiffs argue the report format is inadequate and they want an "official" roster. Doc. 195 at 4.

7

"'[T]he Court obviously cannot compel production of documents that do not exist' and 'is generally entitled to rely on representations made in discovery requests and responses.'" Coleman v. Danforth, No. CV 316-095, 2018 WL 985768, at *1 (S.D. Ga. Feb. 20, 2018) (quoting Hunter v. Corr. Corp. of Am., No. CV 314-035, 2015 WL 5042245, at *2 (S.D. Ga. Aug. 26, 2015)). Plaintiffs have not demonstrated the sign-in sheets exist, so the Court cannot order Defendants to produce the documents. As to the employee roster, Defendants maintain they produced the requested information in the only format in which it exists. Doc. 180 at 10–11. Plaintiffs have not shown the existence of an "official" roster or explained why the report produced by Defendants is inadequate. In light of these facts, the Court **DENIES** Plaintiffs' request for the Court to order Defendants to produce sign-in sheets and the employee roster.

### D. Defendants Are Not Required to Create a "Face Sheet" in Response to Plaintiffs' Request for Production

Plaintiffs request a "sample 'face sheet' . . . , which has name, date of birth, address, phone number and doctor's name, time of appointment, and when patient has come in to let staff know that he is there to check in." Doc. 177 at 17. Ms. Williamson described the "face sheet" at her deposition. Id. at 13. Ms. Williamson explained a "face sheet" is a computer-generated printout used by Dr. Stevenson's office to verify a patient's demographic information upon check-in. Doc. 177-6. "Face sheets" are printed the day before each patient's appointment and shredded at the end of the day after they are used. Id. Defendants argue they should not be required to generate a new, sample, blank "face sheet" with no content. Doc. 180 at 10.

Federal Rule of Civil Procedure 34 "limits a request for production to documents which are in the opposing 'party's possession, custody, or control' and does not require a party to create new documents for production." Nazer v. Five Bucks Drinkery LLC, 8:16-CV-2259, 2018 WL 1583640, at *2 (M.D. Fla. Apr. 2, 2018) (citing Fed. R. Civ. P. 34(a)(1); Kaplan v. Kaplan,

8

210CV00237, 2010 WL 11474437, at *1 (M.D. Fla. Oct. 8, 2010)).  Plaintiffs and Defendants agree a new face sheet could be generated, but Plaintiffs have not explained why Defendants should be required to generate a new document in response to a request for production.  In fact, Plaintiffs offer little to no explanation as to why a blank, sample "face sheet" would be relevant to this case.  Accordingly, the Court **DENIES** Plaintiffs' request for a sample "face sheet."

### E. Plaintiffs Have Not Shown "The Joint Commission" Documentation is Relevant

Plaintiffs request "copies of documentation sent to and received from 'The Joint Commission' from January 1, 2021 to present."  Doc. 177 at 15.  Plaintiffs explain the job description of Defendant SGHS's Director of Compliance and Accreditation Services includes "oversee[ing] compliance with The Joint Commission accreditation standards . . . ."  Id. at 15–16.  Plaintiffs state production of such documents is warranted because "this a civil rights case."  Doc. 195 at 5.  Defendants oppose the request, arguing this is not a civil rights case and Plaintiffs' request is overly broad, unduly burdensome, not proportional to the needs of the case, not relevant, and seeks privileged information.  Doc. 180 at 11; Doc. 209 at 9–10.

Plaintiffs have not made the threshold showing of relevance for the "Joint Commission" documents.  Relevance in the context of discovery is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case."  GPI AL-N, Inc. v. Nissan N. Am., Inc., No. CV 17-0511, 2019 WL 2121710, at *2 (S.D. Ala. Feb. 15, 2019) (citing United States v. Tinoco, 304 F.3d 1088, 1120 (11th Cir. 2002)).  Although the threshold of relevancy is relatively low, "the 'proponent of a motion to compel discovery still bears the initial burden of proving that the information sought is relevant.'"  Diamond State Ins. Co. v. His House, Inc., No. 10-20039-CIV, 2011 WL 146837,

at *5 (S.D. Fla. Jan. 18, 2011) (quoting Peacock v. Merrill, No. CA 05-0377, 2008 WL 176375, at *8 (S.D. Ala. Jan. 17, 2008)).

Plaintiffs fail to explain what constitutes "documentation sent to and received from 'The Joint Commission,'" let alone how such documentation could be relevant to the issues in this case. Plaintiffs' only discernible justification for requesting this information is their assertion "this is a civil rights case." Doc. 177 at 16; Doc. 195 at 5. This purported justification is baseless because the Court denied Plaintiffs leave to add their racial discrimination and retaliation claims. Doc. 178. Even if there were a civil rights claim in this case, Plaintiffs do not explain what "documentation sent to and received from 'The Joint Commission'" would have to do with a civil rights violation. Accordingly, the Court **DENIES** Plaintiffs' request for documentation related to "The Joint Commission."

## CONCLUSION

For the reasons described above, the Court **DENIES** Plaintiffs' Motion to Compel.

**SO ORDERED**, this 21st day of June, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA