# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

CEDRICK FRAZIER and TAMARA
FRAZIER,

     Plaintiffs,

v.

SOUTHEAST GEORGIA HEALTH
SYSTEM, INC; SHERMAN A.
STEVENSON, M.D.; and
COOPERATIVE HEALTHCARE
SERVICES, INC. d/b/a SOUTHEAST
GEORGIA PHYSICIAN ASSOCIATES-
EAR, NOSE, & THROAT,

     Defendants.

CV 221-021

## ORDER

Following the dismissal of their case and the exhaustion of their appeals, Plaintiffs filed a Motion for Disqualification pursuant to 28 U.S.C. §§ 144 and 455. Dkt. No. 333. Rather than have the very judge whose disqualification is sought decide the motion, I transferred it to the Chief Judge of the District in order to promote the utmost confidence in the Court and all its decisions. Dkt. No. 334. The Chief Judge denied Plaintiffs' motion. Dkt. No. 354. For the reasons set forth in that Order, I concur. I write a separate Order to confirm that I have no subjective bias or prejudice against Plaintiffs or for Defendants, not ever and not now.

In their motion, Plaintiffs contend that following years of litigation, dismissal for fabrication of evidence, denial of appeals, denial of motions to reconsider and imposition of costs, they recently discovered a number of grounds for disqualification, including law clerk associations, family finances and housing proximity.  Not one of these allegations—either singly or in the aggregate—show reasonable grounds for bias or amount to bias.

Plaintiffs posit that one or more of my former interns and/or law clerks has, at some point, been associated with a firm representing Defendant Southeast Georgia Health System ("SGHS") and this is grounds for recusal.  As for the law clerks, I have approximately forty of them, either former or current.  The interns are even more plentiful, adding another approximately sixty students who worked at some point in chambers.  They have been associated with well over 100 law firms.  To my knowledge, no clerk or intern who worked on this case in chambers went on to work with any firm associated with the case.  To be clear, I show no favoritism to firms associated with my former clerks and interns.

As for my family, neither my brother nor his wife is an officer, director, trustee or employee of a party.  My brother works for a private laboratory corporation that performs work with approximately twenty-five hospitals throughout the

Southeastern United States, one of which is SGHS. In their motion, Plaintiffs include part of SGHS's "Provider" directory which lists my brother as one of many doctors who hold staff privileges. However, Plaintiffs' submission omits the portion which clarifies that my brother "is an independent member of our medical staff and not an employee or agent of Southeast Georgia Health System." Provider Directory, Southeast Georgia Health System, https://www.sghs.org/provider-directory/providers/patrick-godbey-md/ (last visited Feb. 17, 2026). Plaintiffs do appear to understand that his wife is associated with a separate company, a foundation, which performs charity work for cancer survivors, heart patients and the like. Again, their income is not affected by this case. They do not have an interest that could be substantially affected by the outcome of the proceeding, and they are, obviously, not material witnesses. Plaintiffs speculate that perhaps my brother—a pathologist who, to my knowledge, has nothing to do with the case, reviewed no specimens in the case and was never considered a possible witness—might have discussed "nose crust" with me. Suffice it to say, I have never discussed nose crust with anyone. To be clear, I have no extrajudicial knowledge of the case at all, and I have never possessed personal knowledge of disputed evidentiary facts.

3

Plaintiffs also speculate that perhaps the attorneys in this case or employees and officers of Defendants live in the same vicinity as I do. If they do, I do not know it. Nevertheless, justice would not and has not been tempered by physical proximity or lack thereof.

I have no bias and there is no reasonable basis for someone to question that. A wise judge—the one for whom I clerked thirty-six years ago—was, quite incredibly, accused of bias by a litigant who lost her case and ran out of appeals. That judge advised that if you serve long enough, you, too, will be accused of incredible bias by a dissatisfied litigant. And, he added, you will not be influenced, nor will you develop bias because of such accusations. He was right on all counts.

**SO ORDERED**, this 17th day of February, 2026.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4