# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

CEDRICK FRAZIER and TAMARA
FRAZIER,

    Plaintiffs,

v.

SOUTHEAST GEORGIA HEALTH
SYSTEM, INC; SHERMAN A.
STEVENSON, M.D.; and
COOPERATIVE HEALTHCARE
SERVICES, INC. d/b/a SOUTHEAST
GEORGIA PHYSICIAN ASSOCIATES-
EAR, NOSE, & THROAT,

    Defendants.

CV 221-021

## ORDER

Plaintiffs' Motion to Disqualify the undersigned, dkt. no. 333, has been denied, dkt. nos. 354, 355. Shortly thereafter, Plaintiffs seek to "re-raise" the disqualification issue in a 128-page filing. Dkt. No. 356. The "re-raised" motion is **DENIED** for the reasons stated in the Court's prior Orders.[1] Dkt. Nos. 354, 355.

---

[1] Plaintiffs continue to file multiple post-judgment motions, often revisiting rejected contentions. See, e.g., Dkt. Nos. 325, 328, 338, 351. In one such motion titled "Plaintiffs' Rule 11 Motion for Sanctions & Default Judgment Regarding Defense Counsels' Reference to an 'Afternoon' Encounter Based on an Admitted Falsified and Backdated Record Used to Cover Up Malpractice, Constituting a Felony Under 18 U.S.C. §§ 1035 and 1047, and Memorandum in Support," dkt. no. 351, Plaintiffs speculate that my spouse, a retired FBI agent, may be "hindering the Fraziers' ability to obtain assistance from the FBI and U.S.

To the extent Plaintiffs' motion is an attempt to request reconsideration, that request is **DENIED**.  District courts in this Circuit have identified three grounds for relief that merit reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." Gold Cross EMS, Inc. v. Children's Hosp. of Ala., 108 F. Supp. 3d 1376, 1379 (S.D. Ga. 2015) (citations omitted).  "A movant must 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" Id. (quoting Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294, 294 (M.D. Fla. 1993)).  "A motion for reconsideration cannot be used to 'relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009) (quoting Michael Linet, Inc. v. Vill. of Wellington, 408 F.3d 757, 763 (11th Cir. 2005)).  Plaintiffs' "re-raised" motion, dkt. no. 356, is **DENIED**.

**SO ORDERED**, this 18th day of February, 2026.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

Attorney, who have refused to indict or prosecute Dr. Stevenson and others . . . ."  Dkt. No. 351 at 23.  To the extent this speculation forms a new claim of bias or alleged ground for disqualification by Plaintiffs, it is both baseless and false.