# In the United States District Court for the Southern District of Georgia Brunswick Division

CEDRICK FRAZIER and TAMARA FRAZIER,

    Plaintiffs,

v.

SOUTHEAST GEORGIA HEALTH SYSTEM, INC; SHERMAN A. STEVENSON, M.D.; and COOPERATIVE HEALTHCARE SERVICES, INC. d/b/a SOUTHEAST GEORGIA PHYSICIAN ASSOCIATES- EAR, NOSE, & THROAT,

    Defendants.

CV 221-021

## ORDER

Before the Court is Defendants' motion to quash Plaintiffs' subpoenas *duces tecum*. Dkt. No. 347. Plaintiffs have responded in opposition, dkt. no. 349, and the motion is ripe for review.

## BACKGROUND

Plaintiffs' medical malpractice case was dismissed as a sanction after the Court found Plaintiffs had produced a fraudulent video. Plaintiffs appealed the dismissal, and the Eleventh Circuit affirmed the Court's decision to dismiss. The United States Supreme Court denied Plaintiffs' petition for a writ of certiorari. Nevertheless, Plaintiffs recently served Defendants Southeast Georgia Health System, Inc. ("SGHS") and

Cooperative Healthcare Services, Inc. ("CHSI") with subpoenas *duces tecum* in support of Plaintiffs' post-judgment motion to disqualify the undersigned from presiding over this case.

In their motion to quash, SGHS and CHSI argue Plaintiffs' subpoenas are both "improper and invalid." Dkt. No. 347 at 1. In their response, Plaintiffs confirm they seek records related to the financial interests of the undersigned's siblings to support Plaintiffs' motion for disqualification, and Plaintiffs argue the subpoenas are timely and seek relevant information. Dkt. No. 349 at 1.

**LEGAL AUTHORITY**

Federal Rule of Civil Procedure 45(d)(3)(A) states a court must quash or modify a subpoena that "fails to allow a reasonable time to comply," "requires disclosure of privileged or other protected matter," or "subjects a person to undue burden." "While Rule 45 does not specifically identify irrelevance as a reason to quash a subpoena, it is generally accepted that the scope of discovery allowed under Rule 45 is limited by the relevancy requirement of the federal discovery rules." Jordan v. Comm'r, Miss. Dep't of Corr., 947 F.3d 1322, 1329 (11th Cir. 2020) (footnote omitted) (citing Fed. R. Civ. P. 26(b)(1) (stating that discovery is allowed to the extent it is "relevant to [a] party's claim or defense"); Advisory Committee Note to the 1970 Amendments to Rule 45 (noting that the 1970

2

amendments "make it clear that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules")).  "Thus, a subpoena issued under Rule 45 should be quashed to the extent it seeks irrelevant information."

**DISCUSSION**

Defendants' motion to quash Plaintiffs' subpoenas *duces tecum*, dkt. no. 347, is **GRANTED** for two main reasons.  First, this is a closed case, and the time for discovery has long passed.  See Fed. R. Civ. P. 45(a)(2) ("A subpoena must issue from the court where the action is *pending*." (emphasis added)); Progressive Emu Inc. v. Nutrition & Fitness Inc., No. 18-10671, 785 F. App'x 622, 629 (11th Cir. 2019) ("Because the subpoena violated Rule 45 and circumvented the discovery process, we conclude that the district court did not abuse its discretion in quashing Plaintiff's trial subpoena."); Maid of the Mist Corp. v. Alcatraz Media, LLC, No. 1:09-CV-1543, 2009 WL 10668648, at *3 (N.D. Ga. June 30, 2009) (stating that, "[o]rdinarily, a subpoena served after the close of discovery must be quashed" and noting that conclusion is bolstered when "the entire case is closed *and* the Eleventh Circuit has affirmed").  Therefore, Plaintiffs' subpoenas are untimely.

Second, Plaintiffs' subpoenas seek irrelevant information. The Court has already denied Plaintiffs' motions to disqualify

the undersigned. Dkt. Nos. 354, 355, 358. Therefore, information related to the financial interests of the undersigned's siblings is irrelevant. Jordan, 947 F.3d at 1329 (noting discovery is allowed to the extent it is relevant to a party's claim or defense and that a subpoena issued under Rule 45 should be quashed to the extent it seeks irrelevant information).

## CONCLUSION

Because Plaintiffs' subpoenas *duces tecum* are untimely and seek irrelevant information, Defendants' motion to quash, dkt. no. 347, is **GRANTED**.

**SO ORDERED**, this 18th day of February, 2026.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4