# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

CEDRICK FRAZIER and TAMARA
FRAZIER,

     Plaintiffs,

v.

SOUTHEAST GEORGIA HEALTH
SYSTEM, INC; SHERMAN A.
STEVENSON, M.D.; and
COOPERATIVE HEALTHCARE
SERVICES, INC. d/b/a SOUTHEAST
GEORGIA PHYSICIAN ASSOCIATES-
EAR, NOSE, & THROAT,

     Defendants.

CV 221-021

## ORDER

Before the Court are Plaintiffs' motion for reconsideration, dkt. no. 325, and motion for sanctions and default judgment, dkt. no. 351. Defendants have responded in opposition to both motions, dkt. nos. 326, 352, and the motions are ripe for review.

## BACKGROUND

Plaintiffs' medical malpractice case was dismissed as a sanction after Plaintiffs were found to have produced a fraudulent video. Plaintiffs appealed the dismissal, and the Eleventh Circuit affirmed the dismissal. The United States Supreme Court denied Plaintiffs' petition for a writ of

certiorari.   Thereafter, the Court granted, with significant reductions, Defendants' motion to tax costs and motion for attorneys' fees.   Dkt. No. 324.   The Court also denied Plaintiffs' motion for relief from judgment filed pursuant to Federal Rule of Civil Procedure 60(b).   Id.   Plaintiffs have since filed a motion for reconsideration of the Court's Order, pursuant to Federal Rule of Civil Procedure 59(e).   Dkt. No. 325.   Plaintiffs also move for the imposition of sanctions and default judgment against Defendants, pursuant to Federal Rule of Civil Procedure 11.   Dkt. No. 351.   For the reasons below, both motions are **DENIED.**

## DISCUSSION

### I.   Plaintiffs' Motion for Reconsideration

In their motion for reconsideration of the Court's Order denying Plaintiffs' Rule 60(b) motion, Plaintiffs request, pursuant to Rule 59(e), "that this Court relieve them from final judgment because of admitted spoliation and bad faith by the defendants, vacate award of attorney's fees and taxable costs, and reinstate colorable claims of professional negligence, informed consent and fraud . . . , as well as punitive damages." Dkt. No. 325.

"A Rule 59(e) motion can be granted based only on 'newly-discovered evidence or manifest errors of law or fact.'" Hamilton v. Sec'y, Fla. Dep't of Corr., 793 F.3d 1261, 1266

2

(11th Cir. 2015) (alterations adopted) (quoting Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007)).  "It is established beyond dispute that Rule 59(e) cannot be used to 'raise arguments or present evidence that could have been raised prior to the entry of judgment.'"  Id. at 1266-67 (alterations adopted) (quoting Arthur, 500 F.3d at 1343).

Plaintiffs' Rule 59(e) motion is based entirely on their contention that Defendants backdated and/or falsified Plaintiff Cedrick Frazier's medical record dated February 6, 2020 in order to cover-up medical malpractice.  Dkt. No. 325 at 2.  Plaintiffs contend the Court must "not prioritize an investigation into [Plaintiffs'] disputed '8-second YouCut video'—a non-criminal matter—while overlooking the defendants' admitted felony and spoliation of evidence . . . in an apparent effort to conceal medical malpractice."  Id. at 5.  Essentially, Plaintiffs argue it was unfair for the Court to dismiss Plaintiffs' complaint due to their fabricated video, because, they contend, Defendants also fabricated evidence.[1]

Plaintiffs made the same argument at the evidentiary hearing before the Magistrate Judge in September 2023.  Dkt. No. 311-7 at 5 ("These same issues involving the 2/6/2020 medical

---

[1] With regard to Plaintiffs' argument that Defendants "fabricated and falsified" medical record evidence, the Court previously noted that "Defendants have denied Plaintiffs' fraud and fabrication claims." Dkt. No. 222 at 9.  That being so, the Court found the accuracy of the medical record to be "a disputed matter."  Id.

3

record and errors of law and fact were also raised at the 9/18/2023 hearing and in several other motions prior to judgment being filed, to include in an objection to the Report and Recommendation."). Then, in November 2024, after this Court dismissed Plaintiffs' case for fabricating the YouCut video, Plaintiffs made the same argument to the Eleventh Circuit. Id. ("[I]ssues were raised concerning fraud and the falsified and backdated 2/6/2020 medical record used to cover up malpractice."). Plaintiffs also made this same argument in January 2025 in their Rule 60(b) motion, which the Court denied. See Dkt. No. 304 at 7 ("According to electronic medical records ('EMR') Forensic Expert Kathryn Crous, Dr. Stevenson modified Mr. Frazier's patient records during the pendency of this litigation and backdated a fictitious office visit on April 10, 2020, but these facts were ignored by this Court.").

Plaintiffs' motion for reconsideration of the Court's Order on their Rule 60(b) motion, dkt. no. 325, fails. As a threshold matter—though not squarely decided by the Eleventh Circuit— "[t]here is reason to think that Rule 59(e) cannot be used to second-guess the denial of a Rule 60(b) motion. Rule 59(e) by its own terms permits a party to 'alter or amend a *judgment*,' not an order. And the denial of a Rule 60(b) motion is an order, not a judgment." Hamilton, 793 F.3d at 1267 n.3 (citation omitted) (quoting Fed. R. Civ. P. 59(e)). Even

4

assuming, as Plaintiffs do, that Rule 59(e) may be used to alter an order denying a Rule 60(b) motion, Plaintiffs' re-urging the same arguments they could have and in fact have raised several times before forecloses relief.  See id. at 1267.  Importantly, "[a] motion to reconsider . . . 'is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed.'  'A court's rulings are not intended as first drafts, subject to revision and reconsideration at a litigant's pleasure.'"  Eitzen Chem. (USA) LLC v. Carib Petroleum, No. 10-23512-CIV, 2012 WL 13042681, at *1 (S.D. Fla. Jan. 5, 2012) (citations omitted) (first quoting Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan. 1994); then quoting Quaker Alloy Casting v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988)).  Accordingly, Plaintiffs' motion for reconsideration pursuant to Rule 59(e), dkt. no. 325, is **DENIED.**

## II.  Plaintiffs' Motion for Sanctions & Default Judgment

Plaintiffs' motion for the imposition of sanctions and default judgment against Defendants is filed pursuant to Federal Rule of Civil Procedure 11.  Dkt. No. 351.  Generally speaking, Rule 11 permits a Court to impose sanctions when a party abuses the judicial process.  See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 396 (1990).

Like their motion for reconsideration, Plaintiffs' motion for the imposition of sanctions and default judgment is based

entirely on the alleged fraudulent and falsified medical record. See generally Dkt. No. 351. However, Plaintiffs' argument in favor of sanctions has already been rejected by the Eleventh Circuit. See Frazier v. Se. Ga. Health Sys., Inc., No. 24-10976, Dkt. No. 16 at 30 (Plaintiffs alleging Defendants "committed 'fraud on the court' by submitting a false 2/6/2020 medical record as an exhibit for trial" and requesting the Eleventh Circuit permit Plaintiffs to "file a motion for 'fraud on the court'" on remand). In its opinion affirming this Court's dismissal of Plaintiffs' medical malpractice suit, the Eleventh Circuit stated: "Although the Fraziers argue that we should remand the case so that they may file a sanctions motion against the [Defendants], they have not shown how the [Defendants'] actions amounted to fraud on the court." Dkt. No. 299 at 6 n.4. Thus, the Eleventh Circuit refused Plaintiffs' request to remand the case in order for this Court to impose sanctions against Defendants.

Plaintiffs' current motion for Rule 11 sanctions is a regurgitation of its arguments to the Eleventh Circuit, and this Court, of course, will not disturb the Eleventh Circuit's opinion. Nor is there reason for this Court to disturb its own opinion. Accordingly, Plaintiffs' motion for sanctions and default judgment, dkt. no. 351, is **DENIED.**

6

**CONCLUSION**

Plaintiffs' motion for reconsideration, dkt. no. 325, and motion for sanctions, dkt. no. 351, are **DENIED**.   This case remains **CLOSED**.

**SO ORDERED**, this 23rd day of March, 2026.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA